PETER BRADLEY V. SAN ANTONIO & ARANSAS PASS
RAILWAY COMPANY.

No. 3077.

**Fact Case—Absence of Negligence by Railway Company.**—Appellant sued for damages for personal injuries alleged to have been caused by the negligence of the appellee.   The evidence shows that appellant was in the switch yard and on one of its tracks in advance of a standing car which was moved by being struck by other cars placed upon the track.   It was at a place where employes of the railway company had no reason to expect persons to be, and especially so at the time (half-past 4 a. m.) when he was injured.   The morning was foggy, and it was not shown that the employes were wanting in due care.   A verdict and judgment for the defendant can not be set aside as against the evidence.

APPEAL from Harris.   Tried below before Hon. James Masterson. The opinion gives a sufficient statement.

*Goldthwaite & Ewing,* and *Burns & Burns,* for appellant.—To make a flying switch or to violently detach cars from the control of the locomotive within city limits, in a populous neighborhood, at a place where persons might be crossing without sufficient warning and insufficiently guarded, is an act of gross negligence from which liability results in case of injury to one himself in the exercise of due care.   Rev. Stats., art. 4232; Charter of City of Houston, Special Laws 21 Leg., 107; Railway v. Crosnoe, 72 Texas, 79; Railway v. Troutman, 6 Am. and Eng. Ry. Cases, 117, and note 125; 29 Id., 439.

*O. T. Holt,* for appellee.—The appellee was not liable to the appellant for damages by reason of the injuries sustained when he was hurt in its switch yard about half past 4 o'clock a. m., when he was not

on a public crossing or highway, and had no right to be in the switch yard.    Hoover v. Railway, 61 Texas, 505; Railway v. Richards, 59 Texas, 373; Railway v. Hewitt, 67 Texas, 476; Railway v. Bracken, 59 Texas, 71; Hughes v. Railway, 67 Texas, 598; Railway v. Smith, 52 Texas, 178; Thomp. on Neg., 448; 19 Am. and Eng. Ry. Cases, 108; 10 Am. and Eng. Ry. Cases, 726.

STAYTON, CHIEF JUSTICE.—Appellant was injured on May 4, 1890, about half past 4 o'clock in the morning, while in the switch yard of appellee, and it is urged that the court should have granted the plaintiff a new trial because the verdict was contrary to the evidence.

The evidence shows that appellant was in the switch yard of appellee and on one of its tracks in advance of a standing car which was moved by being struck by other cars placed on the track.   He was at a place where employes of appellee had no reason to expect persons to be, and especially so at the time in the morning when he was injured.   The morning was foggy, and it is not shown that the employes of appellee were wanting in due care.   Persons could pass over the switch yard on foot but it was not a public way, and the jury might well have come to the conclusion that appellant's negligence was the cause of his injury.

The charge of the court fairly submitted to the jury the questions on which depended the liability of the railway company, and it would be useless to discuss the charge in detail.

The charge requested by appellant, in so far as applicable to the case made by the evidence, was embraced in the charge given, and the residue of the charge if given would have been likely to divert the minds of the jury from the real questions in the case.

There was no error in the proceedings that led to the judgment, and it will be affirmed.

*Affirmed.*

Delivered March 3, 1891.