MOLLIE MOORE v. GULF, COLORADO & SANTA FE RAILWAY COMPANY.

Decided December 4, 1909.

**Railroad—Walking on Track at Night—Notice to Company**

The reason for requiring a railroad company to use care to avoid injuring *persons upon its track at a place where it is commonly used by pedestrians,* is that such use notifies the company that people are liable to be there. The rule does not apply, therefore, when the company had notice only of the fact that the public used the place in the daytime, and not that it was so used at night.

Appeal from the District Court of Hardin County. Tried below before Hon. L. B. Hightower.

*W. W. Cruse* and *Dies, Singleton & Dies,* for appellant.

*Terry, Cavin & Mills* and *F. J. & R. C. Duff,* for appellee.—The petition alleges that the accident happened in the night-time, and, there being no evidence that the railroad track was ever used at that place as a highway during the night-time, and the evidence further failing to show that any of the train employes saw or knew of the presence of the deceased on the track at the time or just before his alleged injuries, and it further appearing both from the petition and the evidence that the deceased was using the railroad track as a highway, and was not attempting to cross same at a public crossing, there was no evidence of negligence, and the court properly instructed a verdict for the defendant. Missouri, K. & T. Ry. Co. v. Malone, 102 Texas, 269.

McMEANS, ASSOCIATE JUSTICE.—Suit by appellant, Mollie Moore, against the appellee, Gulf, Colorado & Santa Fe Railway Company, for damages for the alleged negligent killing of her husband, John Moore, by the railway company. Upon the conclusion of the testimony offered at the trial the trial judge instructed the jury to return a verdict for the railway company, which was done, and from the judgment rendered upon such verdict this appeal is prosecuted by Mrs. Moore. Appellant by several assignments of error has assailed the action of the trial judge in instructing a verdict.

The evidence justifies the conclusion that John Moore was run over and killed by a train of cars upon appellee's railroad at about midnight on the night of October 21, 1905. At the time he was run over he was walking on the railway track between the rails and traveling north between the stations of Loeb and Lumberton which were situated some few miles apart, and at a point on the track about 150 or 200 yards from where the public road crossed the railroad track. The engine that drew the train which ran over Moore was pushing two cars in front of it and drawing the rest of the train behind it, and the headlight on the engine was not burning, or if it was its light was so obscured by the cars in front that it did not shine upon the track ahead. In approaching the public road crossing the operatives of the engine failed to sound the whistle or ring the bell as required by law. A stiff wind was blowing from the north which tended to prevent Moore from hearing the approach of the train as it came up behind him.

The railroad track at the time Moore met his death, and for many years prior thereto, had been commonly used between Loeb and Lumberton as a footway for pedestrians to such an extent as to give notice to and to imply acquiescence on the part of the railway company in such use in so far as such use was made of the track in the daytime, but the testimony was silent as to any such common or general use of the track at night as would give such notice or imply such acquiescence. We do not mean to be understood to say that the inquiry at the trial was directed to the general use of the track as a footway in the daytime, but that the testimony was in a general way addressed to a general use, and that the time of such use was not particularly mentioned by any witness. As before stated, Moore was run over and killed about midnight. It was not shown by the testimony of any witness that at the hour he was killed the track at that place was commonly or habitually used by persons as a foot-path, or that any officer or agent of the·railway company had notice, actual or implied, of such use of the track at night.

We can not distinguish this case from that of Missouri, K. & T. Ry. Co. v. Malone. 102 Texas, 269. In that case the evidence of the general use of the track was sufficient, as it is in this case, to impose upon the railway company the duty to keep a lookout for persons in the daytime, but the evidence as to its use at night was meager, and none to show that any officer or agent of the company knew of the use of the track at night. In rendering the opinion of the Supreme Court, Associate Justice Brown says: "The reason for requiring a railroad company to use the care specified to avoid injuring persons upon its track at a place where it is commonly used, is that such use notifies it that people are liable to be there. Therefore the operatives of trains must use ordinary care to discover them, and also use such care to avoid injuring them. The rule does not apply to the same place when used at night if the company had notice only of the fact that the public used the track in the daytime. The facts must be such as would cause an ordinarily prudent person, under similar conditions, to expect to find people at that place at that time. Bradley v. San Antonio & A. P. R. R. Co., 80 Texas, 84; Frye v. St. Louis, I. M. & S. Ry. Co., 200 Mo., 377, 98 S. W., 566, 8 L. R. A. (N. S.), 1069. . . . There is not only a want of evidence sufficient to establish the use of the road at night to such an extent as to impose the duty of ordinary care upon the railroad company, but there is an absolute want of evidence to show that any officer or agent of that company had knowledge of the slight use of the bridge at night that was proved. Malone's evidence shows that he was a trespasser, therefore guilty of contributory negligence as a matter of law, there being no fact to bring his case within any exception to that rule. Texas & P. Ry. Co. v. Watkins, 88 Texas, 24."

Following the rule we understand to be laid down by the Supreme Court in the Malone case, we hold that the trial court did not err, under the evidence in this case, in directing a verdict for the railway company, and the judgment of the court below is accordingly affirmed.

*Affirmed.*