## T. J. FREEMAN, RECEIVER, v. J. K. HUFFMAN.

### Decided May 18, 1910.

**1.—Negligence—Discovered Peril.**

Evidence considered and held sufficient to raise the issue as to whether plaintiff, who was injured by a train being moved while he was endeavoring to climb between the cars at night, was seen in such perilous position by those operating it in time for them to have prevented the movement of the cars, to justify the submission of the issue of negligence after discovery of his peril, and the refusal of an instruction directing verdict for defendant on the ground of plaintiff's contributory negligence.

**2.—Same—Charge.**

An instruction on the subject of discovered peril of one injured by a train being put in motion while he was attempting to climb between cars, which held defendant negligent and liable, notwithstanding contributory negligence, if the train was moved after the discovery by one of the defendants' servants operating it of plaintiff's dangerous position, is held, as applied to the evidence here considered, to be erroneous, because ignoring the question whether his position was seen in time for the servant discovering it to have prevented the movement, it having been made by and on signal from servants other than the one discovering defendant's peril.

**3.—Contributory Negligence—Climbing Between Cars.**

One who undertook, at night, to climb over the bumpers between cars of a train standing on the railway track with an engine attached, was, as matter of law, guilty of contributory negligence and could not recover for negligence of defendant, such as starting the cars in motion without signals required by a city ordinance. The only liability would be for negligence after discovery of plaintiff's peril.

**4.—Negligence—Starting Train—Person Between Cars.**

Those operating a train are under no duty to examine it before putting it in motion to ascertain whether any one was under or between the cars, and a requested charge to that effect should have been given upon the case here presented.

Appeal from the District Court of Milam County. Tried below before Hon. J. C. Scott.

*S. R. Fisher* and *S. W. Fisher* (*King & Morris,* of counsel) for appellant.—The peremptory instruction in favor of defendant should have been given. Roper v. Texas Cent. R. Co., S. W., 696; 3 Elliott on Railroads, sec. 1169; Texas Midland R. Co. v. Byrd, 102 Texas, 263; Wise Terminal Co. v. McCormick, 42 Am. and Eng. R. R. Cases (n. s.), 23; Jones v. Ill. Cen. Ry. Co., 104 S. W., 258; Southern Ry. Co. v. Clark, 13 L. R. A. (N. S.) 107; Hudson v. Wabash W. Ry. Co., 101 Mo., 13; Illinois Central v. Boughton, 78 S. W., 876; Dillon v. Iowa Cen. Ry. Co., 118 Iowa, 645; Burns v. Southern Ry. Co., 43 S. E. 679; Spencer v. Baltimore & O. Ry. Co., 54 Am. Rep., 269; Central R. & B. Co. v. Dixon, 42 Ga., 327; Rumpel v. Oregon Short Line & N. W. Ry. Co., 35 Pac., 700; Lake Shore, S. & M. Ry. v. Pinchin, 112 Ind., 592; Smith v. Chicago, R. I. & P. Ry. Co., 55 Iowa, 33; Bird v. Flint & P. M. R. Co., 86 Mich., 79; Benson v. N. Y., etc., Ry. Co., 37 Am. & Eng. R. R. Cases (N. S.), 324; Illinois Cen. v. Swift, 40 Am. & Eng. R. R. Cases (N. S.), 537; Foster v. New York, N. H. & H. Ry. Co., 37 Am. & Eng. R. R. Cases (N. S.), 343; Phillips v. Cen. R. Co. of New York, 31 Am. & Eng. R. R. Cases (N. S.), 15; Col. & S. Ry. Co. v. Sonne, 41 Am. and Eng. R. R. Cas. (N. S.), 727; Houston & T. C. v. Kauffman, 101 S. W., 817; Missouri, K. & T. v. Malone, 115 S. W., 1158, 102 Texas, 269; Cowles v. M. K. & T., 96 Texas, 24.

The sixth paragraph of the court's charge was erroneous.—International & G. N. R. Co. v. Ploeger, 16 Texas Ct. Rep., 183; San Antonio & A. P. Ry. Co. v. McMillan, 102 S. W., 103; Texas & P. Ry. Co. v. Staggs, 90 Texas, 458; Texas & P. Ry. Co. v. Breadow, 90 Texas, 26; Missouri, K. & T. Ry. Co. of Texas v. Eyer, 96 Texas, 72; Sanchez v. Railway Co., 88 Texas, 177.

Defendant was under no duty to examine the train for trespassers before moving it.—Houston & T. C. v. Breadow, 90 Texas, 27; Texas & P. Ry. Co. v. Staggs, 90 Texas, 460; Ft. Worth & Denver Ry. Co. v. Shetter, 94 Texas, 199; Houston & T. C. v. Reppetan, 64 S. W., Rep., 1017; Railway Co. v. Smith, 77 Texas, 181; Smith v. Houston & T. C. Ry., 43 S. W., Rep., 34; Douglas v. Ry. Co., 90 Texas, 124; Missouri, K. & T. v. Canales, 67 S. W. Rep., 1077.

*J. W. Garner, T. S. Henderson* and *J. L. Lockett*, Jr., for appellee.
—The violation of a penal ordinance constitutes negligence per se, if
it results in injury to any one, and appellant is responsible for the con-
sequences of its employes' negligence. Gulf, C. & S. F. v. Holt, 70 S.
W., 593; Missouri, K. & T. v. Owens, 75 S. W., 581; Missouri, K. &
T. v. Matherly, 81 S. W., 590; Gulf, C. & S. F. v. Matthews, 66 S. W.,
591.

The uncontroverted testimony shows that appellee at the time of
his injury was not a trespasser upon appellant's track, and the ques-
tion of his contributory negligence was one of fact for the jury. In-
ternational & G. N. v. Hall, 81 S. W., 83; Houston & T. C. v. Laskow-
ski, 47 S. W., 59, 60; Illinois C. R. Co. v. Johnson, 115 S. W., 799;
Laury v. No. Pac. Term. Co., (Ore.), 105 Pac., 881-2; Missouri, K.
& T. v. Thomas, 107 S. W., 868; Dooley v. M. K. & T., 110 S. W.,
136; Atchison, T. & S. F. v. Jandera, (Ore.), 104 Pac., 341; Gulf,
C. & S. F. v. Matthews, 66 S. W., 591; Texas & P. v. Nelson, 29 S.
W., 80; Texas & P. v. Brown, 33 S. W., 148-9; Missouri, K. & T. v.
McGlamory, 34 S. W., 360-1; Gulf, C. & S. F. v. Calvert, 32 S. W.,
247-8; Houston, E. & W. T. v. Powell, 41 S. W., 695; Gulf, C. & S.
F. v. Pendery, 36 S. W., 793; Texas & N. O. v. Bean, 119 S. W., 328;
Ft. Worth & D. C. v. Longino, 118 S. W., 198; Ft. Worth & D. C. v.
Longino, 126 S. W., 8; Davis v. L. H. & St. L. Ry. Co., (Ky.), 97
S. W., 1122; Eppstein v. Mo. Pac. R. Co., 197 Mo. 720.

Plaintiff's testimony was sufficient to raise the issue of discovered
peril. Texas & N. O. v. McDonald, 120 S. W., 494; Gulf, C. & S. F.
v. Miller, 35 Texas Civ. App., 116; Missouri, K. & T. v. Sharp, 120
S. W., 264; Franklin Life Ins. Co. v. Villeneuve, 68 S. W., 203.

Since under the uncontradicted evidence defendant's servants were
operating the train along a public street in an incorporated town, and
had sent for plaintiff and expected him to come from the mill on the
south side of the track and cross to the north side to weigh the car of
cake, they were charged with the duty of anticipating his presence on
the track about or near the engine and cars, and if not (as we think
they were) charged with the duty of keeping a lookout for him, cer-
tainly owed him the duty of giving the signal required by ordinance
before moving the train. It is not necessary to this duty that they
must anticipate his presence at the exact point where he was between
the cars, but only that they were charged with notice that he might
be somewhere about the train, where its movement without warning
might injure him. Missouri, K. & T. v. Kemendo, 124 S. W., 968;
Texas & N. O. v. Bean, 119 S. W., 328; El Paso & S. W. v. Barrett,
101 S. W., 1025, 1029; Houston, E. & W. T. v. McHale, 105 S. W.,
1149, 1151-2; Texas & N. O. v. Brouillette, 126 S. W., 287.

RICE, ASSOCIATE JUSTICE.—This suit was brought by appellee
Huffman against Thomas J. Freeman, as Receiver of the International
& Great Northern Railroad Company for damages for personal in-
juries sustained by him on December 4, 1908, while attempting to
pass between the cars of said company. At that time plaintiff was the
foreman of the Rockdale Oil Mill Company, and appellant had a spur
track extending along the north side of said oil mill building, and at

its nearest point, some ten .feet distant therefrom, upon which was erected scales for the purpose of weighing cars loaded with products of said mill when ready for shipment.  The scale box and beam of said scales were on the opposite side of said spur track from said oil mill.

The following diagram represents the oil mill building, together with the scales and scale·box, and shows the relation of the railway tracks thereto.—See page 204.

Appellee alleged that on the morning in question, he was notified by appellant's servants that they were ready to move the car of cotton-seed cake that had been loaded the previous evening, as soon as the same could be weighed by him; that it was his duty, in the absence of the superintendent, to weigh said cars, and upon receiving said message he went out of the front door, which opened upon the north side of said building, for the purpose of weighing said car, and started in a southwesterly direction, with a view of passing around the rear end of said cars, but recalling that he would not be able to pass in this direction on account of the pulley and shafting extending from the oil mill, as well as some debris which had accumulated there, and the muddy condition of the ground at said point, he turned, for the purpose of passing between the oil mill and the cars, around the head of said engine, so as to reach the scales to weigh said car; but noticing that steam and hot water were escaping therefrom, which rendered it dangerous to pass that way, undertook to pass over between said cars, and that while in the act of so doing, the company's servants, with full knowledge of his presence, suddenly moved said cars without ringing the bell as required by the ordinances of the city of Rockdale, alleging that if they had done so he would have been able to escape injury, but, on account of the negligence of defendant's servants in suddenly moving said cars, his foot was caught between the draw-heads and so mashed as to render necessary the amputation of four of the toes of one of his feet, from which he suffered great pain and anguish, and was permanently injured.

Appellant, after a general demurrer, special exceptions and a general denial, interposed the defense of contributory negligence.

The proof shows that the spur track was on an inclined curve, by reason of which it was necessary for the brakeman who was signalling the engineer at the time of the accident, to work on the opposite side from the mill, and that none of the brakemen or servants of the company were on the mill side at the time appellee came out from the mill for the purpose of weighing the car, and that none of them, in fact, saw him when he got between the cars.  There is, however, a conflict in the evidence as to whether or not appellee was seen by one of the brakemen after he had got upon the drawhead, and before the cars were moved, appellee testifying that he saw the brakeman passing along near him, and saw the brakeman look towards him just at this moment; but the brakeman referred to testified that he did not see appellee.

The proof on the part of appellant shows that they were undertaking to spot the car on the scales at the time that appellee was injured, that is, to so place the car that the wheels thereof would be

immediately over the scales; that just before appellee came out from the mill they had coupled onto an empty coal car, and the car loaded with cotton-seed cake, and that the engineer upon the signal by the brakeman, had backed the cars five or six inches over the scales, and that the forward movement was necessary, in order to place the cars in the proper position on the scales, which movement was made in obedience to the signal from the head brakeman standing near the scales. It being dark, these signals were given by lanterns.

The ordinances of the city of Rockdale were introduced, which forbade any engineer or other person having an engine or locomotive in charge, from running the same within the city limits at a speed greater than five miles per hour, or from running the same without ringing the bell attached to said locomotive or engine before starting, and while said locomotive or engine is in motion.

There was a jury trial, resulting in a verdict and judgment for appellee, from which this appeal is prosecuted.

- The principal reasons relied on by appellant for a reversal in this case are, the failure of the court to give its special charge directing a verdict in its favor, on the ground that the appellee was guilty of contributory negligence as matter of law; and, second, that the court erred in its charge upon the subject of discovered peril. We will, therefore, direct our attention alone to these features of the case. The sixth paragraph of the court's charge reads as follows:

"But even though you may believe from the evidence that plaintiff, in attempting to pass between said engine and cars, either in the act or in the manner of such attempt, was guilty of negligence, yet, if you further believe from the evidence that defendant's servants in charge of said engine and cars, or any of them, knew that plaintiff was attempting to pass between said engine and cars in the manner he did, and saw him between said engine and cars, and you further believe that after said servants knew or saw plaintiff's perilous and dangerous position, that said engine and cars were moved by said servants or any of them, without warning to plaintiff, and without giving plaintiff an opportunity to emerge from said perilous position, then you are charged that the act of said servants in so moving said engine and cars, would be negligence, and if you believe from the evidence that as the proximate result of such negligence plaintiff sustained any or all of the injuries complained of in his petition, then you will find for the plaintiff, without regard to whether or not plaintiff was guilty of negligence in going between said engine and cars."

Said charge is assailed by appellant on the ground that the same wholly fails to advise the jury that if the plaintiff's position between the engine tender and car coupled thereto, was discovered by the agents and servants of defendant in charge of and operating said engine and cars at the time, in order to entitle plaintiff to recover, such discovery, if any, must have been made in time for said agents, servants and employes in the exercise of ordinary care to have prevented injury to plaintiff; contending that it appeared from the uncontroverted evidence that if plaintiff's position between said cars was discovered by said agents and servants of defendant, said agents and servants could not, by the exercise of ordinary care, or of any degree of care after

such discovery, if any, have prevented the movement of said engine and cars in time to avoid injury to plaintiff.

The uncontroverted testimony on this phase of the case is to the effect that none of appellant's servants saw the plaintiff go between the cars. Plaintiff, however, testified that one of the brakemen with a lantern passed by, after he had gotten upon the drawhead between the cars, looked toward him, and that he could see his eyes from the light shining out from the mill, and that said brakeman had time to go some eight or ten feet before the cars moved. On the other hand, this brakeman testified positively, that he did not see the appellee at all, and did not know of his dangerous position between the cars. And it further appeared that this brakeman, who appellant claims saw him, was not engaged in signalling the engineer at the time. This being true, we think that appellant's contention is correct, and that the charge given is open to the objection made. If it be true, and the jury should so believe, that the brakeman saw appellee after he had gotten between the cars, then, before they could find for plaintiff against appellant, they must further believe that the brakeman, discovering his peril, had time in which to have prevented the accident by signalling the engineer. This feature is wanting in the charge given. In Missouri, K. & T. Ry. Co. v. James, 120 S. W., 269, a charge similar in principle to the one in question was given, and was held error, on the ground that the charge permitted a recovery on the part of plaintiff against defendant, regardless of whether or not the servants of the company operating the engine of the train discovered deceased's peril in time to have stopped the train, and avoided striking deceased by the exercise of ordinary care, and by the use of the means at their command, but made the liability rest merely upon whether or not the servants of defendant exercised ordinary care to stop the train, by the means at their command, after discovering his peril.

The same doctrine was held in Missouri, K. & T. Ry. Co v. Eyer, 69 S. W., 453; s. c. 96 Texas, 72, 70 S. W., 529; see also International & G. N. R. Co. v. Ploeger, 16 Texas Crt. Rep., 183; San Antonio & A. P. Ry. Co. v. McMillan, 100 Texas, 562, 102 S. W., 103; Texas & P. Ry. Co. v. Staggs, 90 Texas, 458; Texas & P. Ry. Co. v. Breadow, 90 Texas, 26; Sanchez v. Railway Co., 88 Texas, 177.

While not intimating any opinion as to the probative force of the evidence on this phase of the case, we think it was sufficient to require the submission of the issue of discovered peril to the jury; but for the reasons stated, we think the charge as given was error, and therefore, sustain the assignments assailing it.

Appellant, by several assignments, insists that the trial court erred in refusing to instruct a verdict in its behalf, on the ground that plaintiff was guilty of contributory negligence as matter of law; but, from what we have said with reference to the duty of the court to submit the issue of discovered peril, it follows that we think the several charges requested, directing a verdict in appellant's favor, should not have been given for the reason that they wholly ignored the latter feature of the case. If upon another trial, the evidence on the issue of plaintiff's contributory negligence is the same as shown by this record, then we think it would be the duty of the court, so far as this

issue is concerned, to tell the jury that the plaintiff could not recover; submitting, however, under a proper charge, the right of plaintiff to recover on the issue of discovered peril. We think this should be done for the reason that the evidence, as we believe, shows that plaintiff was guilty of contributory negligence as matter of law. Irrespective of whether or not appellee could have passed around either end of the car, we are inclined to believe that he was not justified in undertaking, in the night time, to pass between the cars to which was attached a live engine, without first notifying the engineer, or those in charge of the train, of his purpose so to do.

Before closing this opinion, in support of our views, we extract from appellant's brief, several apt quotations from the opinions of different State courts on this subject.

The Supreme Court of Indiana, in Lake Shore & M. S. Ry. Co. v. Pinchin, 112 Ind., 592, says, in speaking of a person attempting to pass between cars, that it is a danger so immediate and so great, that he must not incur it. It will not avail the plaintiff that he was not fully aware of his danger, for a plaintiff is bound to know the extent of the danger in cases like this, where the circumstances are known to him, or the hazerd is apparent to a reasonably prudent man. Therefore, one who attempts to cross between cars of a train which he knows, or might know, by using his natural faculties, is likely to move at any moment, is guilty of negligence.

The Supreme Court of Iowa, in Dillon v. Iowa Cent. Ry. Co., 118 Iowa, 645, 92 N. W. Rep., 855, says of an employe who, without the knowledge of a train crew, went between the cars of the railway company for the purpose of urinating, and was killed by a string of cars violently striking those between which he was standing: "So long as the railroad company, through its employes, was operating its cars without danger to persons towards whom it owed some duty, it is no affair of anyone else whether they operated violently and unskillfully. It is solely when the acts complained of appear to have been negligent with reference to the rights or safety of persons who complain thereat, that any question of negligence arises. It would hardly be contended that if a tramp were stealing a ride in a box car where he was without the knowledge of the employes, or who had no reason to know of his presence there, that he could recover damages because he was injured by reason of the negligent, unskillful, or even reckless handling of the train. It must be, as a matter of law, contributory negligence for any person, without reason or excuse for doing so, to go between cars standing on a sidetrack, which, in the operation of the business of a railroad company, may be moved. We do not think it material whether such person has reason to suppose that the cars will be moved or not. He is bound to know that, in the very nature of things, they are on the track for the purpose of being moved, and is negligent in going between them, when they are being moved."

In the case of Illinois Cent. R. Co. v. Broughton, 78 S. W., Rep., 876, in reversing the case upon the failure of the trial court to give a peremptory instruction in a suit, wherein the plaintiff, for his own convenience, crawled on top of one of six empty cars and was walking thereon, when said cars were knocked into by other cars and the plain-

tiff was injured, the court, among other things, said: "According to his own testimony, appellee had no duty to perform which required him to climb upon the empty cars after four o'clock; his boarding the empty car for the purpose of crossing over was for his own convenience entirely. He had no right to use appellant's cars as a passage way; having no duty that called him thereon, but was using them for his own convenience, he was a trespasser, and appellant owed him no duty other than to refrain from injuring him, after his perilous position was discovered, of which latter fact there is no evidence in the record."

In Southern Ry. Co. v. Clark, 13 L. R. A. (N. S.), 107, 105 S. W., 384, the plaintiff was injured while climbing between the cars of a freight train standing over a highway crossing. The court, in disposing of the question whether the plaintiff was guilty of contributory negligence as matter of law, says: "It is a well settled rule that if one, at the time and place of his injury, was careless and negligent as to his own safety, and by reason of such carelessness and negligence on his part, so contributed to his injury that it would not have occurred but for such negligence on his part, he can not recover. To cross over between freight cars to which an engine is attached is a difficult and dangerous undertaking in the day time, and this undertaking is much more hazardous at night time; and when one attempts to do so, either in day time or night time, without having first notified the engineer or conductor, he is certainly guilty of a reckless disregard for his own personal safety."

In the case of Louisville & N. Ry. Co. v. Hocker, 111 Ky. 707, 64 S. W., 638, the court, in denying one injured between freight cars the right to recover, said: "It was gross negligence in appellee to stand between the cars for this purpose, and there being no proof that his danger was perceived by those in charge of the train before the injury, or in time to avoid it, a peremptory instruction should have been given to the jury to find for defendant."

It is said in Elliott on Railways, vol. 3, sec. 1169: "Although a railroad company may be guilty of negligence in suddenly moving cars without warning, which it had left at a crossing with a space between them, inviting people to pass through, but where no space is left between the cars, and engine is attached to them, which is liable to move them at any moment, one who attempts to pass over, or under them, may be declared guilty of contributory negligence as matter of law."

The Supreme Court of Missouri, in the case of Hudson v. Wabash Ry. Co., 101 Mo. 13, 14 S. W., 15, in discussing a similar case to the one at bar, where the plaintiff claimed he was relying on certain ordinances in the city of St. Louis, making it unlawful for trains to block public streets for more than five minutes, or be moved without giving signals, in disposing of an assignment in the nature of a demurrer to the evidence, said: "The text-books lay it down as undoubted law, that the act of climbing over stationary cars has been held so grossly negligent as to preclude a recovery for injuries received while making such attempt. The fact that a train of cars is unlawfully blocking a crossing is no reason why a person should throw himself under the

wheels, or recklessly expose himself to danger. He is bound, notwithstanding such acts of negligence, to exercise proper care and prudence; and if he fails so to do, he cannot hold another responsible for an injury which may be fairly traced to his own negligence."

See, also, Texas Midland Ry. Co. v. Byrd, 102 Texas, 263, 115 S. W., 1163; Roper v. Texas Cent. R. Co., 119 S. W., 696; Jones v. Illinois Cent. R. Co., 104 S. W., 258; Wise Term. Co. v. McCormick, 104 Va., 400, 42 Am. & Eng. R. R. Cas. (N. S.) 23; Missouri, K. & T. Ry. Co. v. Malone, 102 Texas, 269, 115 S. W., 1158.

The twenty-third and twenty-fourth assignments of error complain of the refusal of the court to give the following special charges requested by appellant, Nos. 3a and 7: "You are instructed that the defendant, or his agent and employes in charge of the train, rested under no duty to look between the cars of his train before starting same, to ascertain that there was no person between said cars who might be injured by the movement thereof. If therefore, you believe from the evidence, that said train was moved by the defendant, or his agents and servants, without actual knowledge of the presence of plaintiff between said cars, you will return your verdict in favor of the defendant."

"You are instructed that the defendant, his agents and servants in charge of the train by which plaintiff was injured, rested under no duty or obligation to plaintiff to maintain a lookout, or to exercise diligence or care to discover that the plaintiff was between the cars, before proceeding to move said train; and if you believe from the evidence that the plaintiff was between the cars, and on the drawheads or couplings at the time the train was moved, and that his presence there was not known to defendant, his agents or servants in charge of said train, then you will return a verdict for the defendant."

One of these charges, or its equivalent, should have been given, for the reason that it presents a correct principle of law, which was omitted in the main charge of the court.

The remaining assignments have all been considered, but are regarded as not well taken, and are therefore, overruled.

For the reasons indicated, the judgment of the court below is reversed, and the cause remanded.

*Reversed and remanded.*