### MASSEY v. INTERNATIONAL & G. N. RY. CO. et al.

(Court of Civil Appeals of Texas. Austin. Dec. 10, 1913. Rehearing Denied Jan. 14, 1914.)

1. RAILROADS (§ 369*)—INJURIES TO PERSON ON TRACK—TRESPASSER.

Though a railroad track has been so notoriously used in the daytime by pedestrians as to charge the company with notice thereof, yet, in the absence of evidence of the use of the track for the same purpose at night, the company need not keep a lookout for persons who may walk thereon at night, because they are trespassers, and the company has the right to the unobstructed use of its tracks.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1259–1262; Dec. Dig. § 369.*]

2. RAILROADS (§ 390*)—INJURIES TO PERSON ON TRACK—TRESPASSER.

A railroad company is not liable, on the theory of discovered peril, for the death of a trespasser on its track, struck by a train, unless it has actual notice of his peril, and fails to use every means within its power to prevent injuring him.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1324, 1325; Dec. Dig. § 390.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appeal from District Court, Falls County; Richard I. Munroe, Judge.

Action by Virginia Massey against the International & Great Northern Railway Company and another, receiver. From a judgment for defendants, plaintiff appeals. Affirmed.

Nat Llewellyn, of Marlin, for appellant. Neff & Taylor, of Waco, for appellees.

RICE, J. On the early morning of June 12, 1910, the dead body of Ed Massey was found lying on or near the track of the I. & G. N. Railway, just a short distance south of Jones' Switch, a flag station on said railway, with his head split open; and this action was brought by appellant, his surviving widow, to recover damages therefor.

The petition is in two counts; the first seeking to recover on the ground that the track at the point where Massey was killed was commonly and notoriously used by pedestrians as a walkway, and that the employés of the company could have seen the deceased and avoided injuring him by the use of ordinary care, which they failed to exercise, and were thereby guilty of negligence. Second, that said employés discovered the deceased long before they reached him, but made no effort to keep from running over and killing him, but grossly, willfully, and deliberately ran upon and over him at a high rate of speed, etc.

There was a general denial and a special plea interposed by appellees, to the effect that deceased was a trespasser, drunk, and asleep on the track, and they owed him no duty to look out for him; and, further, that they were not required to exercise the same degree of care at night to discover him as would be required of them in the daytime.

The court instructed a verdict in behalf of appellees, and judgment was rendered accordingly, from which this appeal is prosecuted.

The evidence shows that the deceased lived at Eloise, a station on said railway some 15 miles south of Marlin, and on the evening before his death had gone to Marlin, and was returning on the night train, but for some purpose got off at Jones' Switch, an intermediate station, where he was last seen alive.

It seems to be the theory of the appellant that the deceased was run over and killed by the morning freight train, which passed Jones' Switch going north about 4:45 a. m., and some evidence is offered by her showing that a passing train blew several times at or near the point where deceased was found that morning; but there is absolutely no evidence showing or tending to show what train, if any, struck and killed the deceased. And the engineer on the freight train testified that he blew for the public road crossing at Conley, a station one mile south of Jones' Switch, but did not blow for the latter station, and that he did not see the deceased on the railway track, and did not know that he was killed until he reached Mart that morning.

The evidence is very meager as to the use of the railway track by pedestrians even in the daytime, and no proof whatever is offered that it was used as a walkway at night. The deceased was first discovered by the engineer on the passenger train going north some 40 minutes after the freight had passed, who reported the same to parties at the Switch; and, according to his testimony, his train did not strike him, but the body was found some distance away from the track in the weeds. In support of appellees' contention, it appeared that two bottles of whisky were found near the body of the deceased; one bottle being partially empty.

[1] Even if the track had been notoriously used in the daytime to such an extent as to charge the company with notice thereof, still, in the absence of evidence going to show its use for the same purpose at night, appellees were not required to keep a watch out for persons who might walk thereon at such time, because they were trespassers, and the company had the right to the unobstructed use of its track. See M., K. & T. Ry. Co. of Texas v. Malone, 102 Tex. 269, 115 S. W. 1158. So that in the instant case no recovery could be had under the theory of the first count.

[2] Nor were appellees responsible for the death of the deceased under the second count of plaintiff's petition, unless it had been shown that they had actual notice of the peril of the deceased, and failed to use every means within their power to prevent injuring him. In the instant case it does not appear that the deceased was even seen by any of the servants of the company prior to his death, and, in such state of the record, no recovery could be had. See Texas & Pacific Ry. Co. v. Breadow, 90 Tex. 26, 36 S. W. 410, where it is held that the contributory negligence of a pedestrian in placing himself in a dangerous position by walking upon a railway track would prevent a recovery for his death caused by being struck by a train, provided those in charge of the train did not actually see his danger, though they could have done so by the exercise of reasonable diligence in time to have avoided injuring him. As stated, in the instant case, there is nothing to show that any of the employés of the company saw or had notice of the presence of the deceased on the track, if he was thereon; hence the doctrine of discovered peril does not apply, and it became the duty of the trial judge, under the facts of this case, to instruct a verdict for the defendant, for which reason, it becomes our duty to affirm the judgment, and it is so ordered.

Affirmed.