### DEVANCE et al. v. MISSOURI, K. & T. RY. CO. OF TEXAS.

(Court of Civil Appeals of Texas. Dallas. Feb. 14, 1914. Rehearing Denied March 7, 1914.)

1. RAILROADS (§ 398*)—KILLING PERSON ON TRACK—NEGLIGENCE—EVIDENCE.
    Evidence, in an action for the killing by a train, on a foggy night, of a person asleep or drunk, with his head on a rail of the track, his body outside the track and near some weeds, *held* to show no failure of duty as to lookout, or after discovering the peril.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1356, 1358–1363; Dec. Dig. § 398.*]

2. RAILROADS (§ 381*)—KILLING PERSON ON TRACK—CONTRIBUTORY NEGLIGENCE.
    One killed by a train having been lying on the track, drunk or asleep, was guilty of contributory negligence, as matter of law.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1285–1293; Dec. Dig. § 381.*]

Appeal from District Court, Wood County; R. W. Simpson, Judge.

Action by Lizzie Devance and others against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for defendant, and plaintiffs appeal. Affirmed.

J. H. Beavers, of Winnsboro, and Harris, Suiter & Britton, of Quitman, for appellants. Alex. S. Coke, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for appellee.

RAINEY, C. J. Appellants, the surviving wife and children of Tom Devance, brought this suit to recover damages of the appellee for the killing of said Tom Devance by negligently running its train over him. Appellee answered by general demurrer and denial and pleaded specially contributory negligence; that Tom Devance was a trespasser on defendant's track; that he was lying down on the track; that he was at the time asleep or drunk, or was both asleep and drunk, which was the cause of his death. A trial resulted in a verdict and judgment for appellee, from which this appeal is taken.

Tom Devance was run over by appellee's train and killed at a point five miles west from Winnsboro. He was lying with his body at a right angle with the track; his head or neck resting on the south rail and the trunk extending south from the rail. His head was severed from the body and fell between the tracks, and the body extended south from the rail. Along the track, in the community where the accident occurred, it was pretty thickly settled, and during the day and the first part of the night persons commonly and habitually used the railroad track as a pathway. The accident occurred between 1 and 2 o'clock at night. The track was straight for about a mile; there being nothing in daylight to obstruct the view. The night in question was foggy and dimmed the headlights of the engine to some extent. The engineer was keeping a lookout, and, when he got within about 200 feet from where Devance was lying, he saw what he took to be some cross-ties that the section hands had placed there for the purpose of placing the hand car on. He did not discover it was a human being until within 10 or 15 feet of Devance, and then it was too late to try to stop the engine. Devance had on his body three or four pint bottles of whisky, and the contents of one was about half gone. None were broken, and no evidence of any being spilt, but there were fumes of whisky detected by parties who

reached the remains immediately after the accident. West of the body, and near where it was lying, weeds and grass were growing near the track.

[1] Recognizing that the law makes it the duty of train operatives to use ordinary care to discover persons on the track to avoid injuring them, we think the facts in this case fail to show that the operatives failed to use such care in this instance. The engineer testified that he kept a lookout and saw nothing to indicate there was a human being on the track until too late to prevent the accident. It is true the track was straight and a bright headlight was burning, but the night was foggy, and Devance was lying down on the track at a time in the night when the engineer had the right to assume that no one would be there. There was grass and weeds growing near the track near where the body was lying, all of which shows a condition which rendered the seeing of Devance on the track almost an impossibility until within a very short distance from him. Railway Co. v. Malone, 102 Tex. 269, 115 S. W. 1158.

[2] There are no facts to indicate that Devance was walking on the track, but they conclusively show that he was lying on the track drunk, or asleep, which made him, as a matter of law, guilty of contributory negligence and prevents him from recovering. Railway Co. v. Shiflet, 94 Tex. 131, 58 S. W. 945; Railway Co. v. McMillan, 100 Tex. 562, 102 S. W. 103; Caldwell v. Railway Co., 54 Tex. Civ. App. 399, 117 S. W. 488.

The court only charged on the issue of discovered peril, and we doubt if this issue was raised by the evidence. The special charges asked by appellants relating to the duty of the operatives keeping a lookout were properly refused. The evidence, we think, clearly shows that the appellee was not guilty of negligence, and that deceased was guilty of such negligence as prevents appellants from recovering. The evidence was such as warranted a peremptory instruction for the defendant.

The judgment is affirmed.