## WERST v. INTERNATIONAL-GREAT NORTHERN R. CO. (No. 6993.)*

(Court of Civil Appeals of Texas. Austin. June 2, 1926. Rehearing Denied June 30, 1926.)

**1. Appeal and error ⊕⇒927(7).**

Evidence must be taken in light most favorable to appellant, against whom verdict was directed, but uncontradicted physical facts and unequivocal testimony of wholly disinterested eyewitnesses cannot be utterly ignored.

**2. Trial ⊕⇒142.**

If evidence as a whole is such that ordinary minds cannot differ on conclusions to be drawn from it, evidence raises question of law.

**3. Railroads ⊕⇒282(5).**

Evidence *held* to show that plaintiff received injuries as result of willful attempt to board freight train in violation of Pen. Code 1911, art. 1531, and hence might not recover.

**4. Railroads ⊕⇒276(1).**

Party, who went on railroad's property for unlawful purpose of boarding moving freight train contrary to Pen. Code 1911, art. 1531, and was injured by object projecting from train, *held* trespasser.

**5. Railroads ⊕⇒278(3)—Party, injured after unlawfully attempting to board freight train, held trespasser and negligent, though he abandoned intent (Pen. Code 1911, art. 1531).**

Where party, contrary to Pen. Code 1911, art. 1531, attempted to board moving freight train and fell, losing both feet, *held*, that he was a trespasser, even if he had abandoned his intent and was immediately thereafter struck by some object projecting from the train and knocked down, and that his voluntary conduct was proximate cause of injuries and was contributory negligence.

Appeal from District Court, Milam County; John Watson, Judge.

Action by J. O. Werst against the International-Great Northern Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Walker Saulsbury and Winbourn Pearce, both of Temple, for appellant.

Andrews, Streetman, Logue & Mobley, of Houston, and Taylor & Atkinson, of Waco, for appellee.

BAUGH, J. Appellant had both feet cut off by one of appellee's trains at Gause, in Milam county, Tex., on July 21, 1923, and was otherwise injured. He sued appellee for damages and at the close of his evidence the trial court gave peremptory instructions to the jury to find for the railroad company; hence this appeal. The only issue before us is whether there was any evidence, as a matter of law, to take the case to the jury. We have concluded that there was not.

Werst and his traveling companion were en route from the Powell oil field in Freestone county to Temple, in Bell county, walking the railroad tracks and the public highways when not given rides by passing automobiles. They walked into the railroad station at Gause near midnight on July 20th, and slept there the rest of the night. Next morning they learned that a freight train would pass Gause going towards Temple and usually stopped or slowed down there. They decided to board it, and waited under the shade of some trees on the right of way. The freight train did not stop, and as it passed appellant ran towards it and attempted to board it. It is not controverted that he was attempting to do so in violation of article 1531, R. S. Criminal Statutes of 1911 (Pen. Code). His own testimony was that as he ran alongside the moving train down the platform of the station for about 100 feet seeking to board it, he saw that it was moving too fast for him to board it; and that just as he made up his mind not to do so he was struck in the back by some projecting object and knocked down. To use his own language:

"I come to the conclusion that I would not attempt to grab the train; that was at the time I was struck."

There was a severe wound on his back. Appellant admitted that it was his purpose and intention to board the train unlawfully and that he endeavored to do so, but claims that, because of the negligence of appellee in permitting some object to project from the side of its train, he was injured by being so struck "at the same instant" that he changed his mind and abandoned his unlawful purpose while he was running alongside the train. No one saw any object projecting from the side of the train, and the only evidence on this point was appellant's testimony that he was struck, and the injury in his back. He did not testify just how close he was to the moving train at the time he was struck.

J. Q. Pounds, a disinterested witness who saw the occurrence from his front porch just across the street, testified that appellant did catch the train and rode it for a few feet until he fell loose, or it swung him loose, and that he fell under it with his feet on or towards the track. This witness saw him from the time he left the shade until he was hurt.

The witness W. B. Smith, a farmer, also disinterested, who was sitting in front of a barber shop, testified:

That he saw appellant leave the shade, run to and alongside the moving train with his hands up as if attempting to catch it; that it looked to him like he made an effort to get on one car and then tried to get on another car; that just before he went behind the corner of the depot witness saw him make a lunge toward the train. "I saw his feet whip around, just about half way to his knees. He then went out of my sight. I did see him make

a grab for the car, and saw his feet go off the ground; that was the third effort he made."

A. C. Worthy, a farmer, who heard appellant's cries, ran to him immediately and was the first person, besides appellant's traveling companion, to reach him, testified that appellant, though in anguish, looked up at his companion and said: "I aimed to catch it, but it was going too fast for me."

Appellant himself, though at first insisting that he did not remember, on cross-examination reluctantly admitted that he had his hands up while running alongside the train. He also testified that he threw his hands up and towards the train, when struck in the back by some projecting object, to keep from falling under the train.

[1, 2] The propositions of law laid down by appellant are well settled. The courts have expressed themselves in varied language as to what constitutes "any evidence" in legal contemplation to go to the jury. And though the evidence is to be taken in the light most favorable to the appellant, the uncontradicted physical facts and the unequivocal testimony of wholly disinterested eyewitnesses cannot be utterly ignored. And if the evidence, taken as a whole, is such that ordinary minds cannot differ upon conclusions to be drawn from it, then it becomes a question of law, and it is the duty of the court to pass upon it. Joske v. Irvine, 91 Tex. 583, 44 S. W. 1059; Radley v. Knepfly, 104 Tex. 135, 135 S. W. 111; G., C. & S. F. R. Co. v. Gaddis (Tex. Com. App.) 208 S. W. 895.

[3] We think that the inescapable conclusion to be drawn from the evidence in this case is that appellant received his injuries as the result of his own willful and voluntary action in attempting to board said train in violation of the law, and was therefore not entitled to recover. Houston Belt & Terminal Ry. Co. v. Rucker (Tex. Civ. App.) 167 S. W. 301.

[4, 5] But even if we are in error as to the question of whether or not he caught the moving train and was thrown loose from and fell underneath it, thus causing his injury, we think the appellant's own testimony conclusively shows that he was guilty of contributory negligence causing his injury. And this is true, even if it be conceded that some object projected from the side of appellee's train and struck him. Having gone upon appellee's premises for an avowed unlawful purpose, he became a trespasser. G., H. & S. A. Ry. Co. v. Grubb (Tex. Civ. App.) 153 S. W. 694. He voluntarily left a place of safety and, in his effort to carry out his unlawful intent, put himself in a place of danger. And the abandonment, if such there was, of his unlawful intent, at the very instant of his injury and while he was still in a place of danger, cannot instantaneously change his status from that of a trespasser, and, as such, his own volun-

tary conduct was the proximate cause of his injury and convicts him of contributory negligence. M., K. & T. Ry. Co. v. Malone, 102 Tex. 269, 115 S. W. 1158; Wichita Falls, etc., Ry. Co. v. Mendoza (Tex. Civ. App.) 240 S. W. 573.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.