Fort Worth & Denver City Railway Company v. P. S. Roberts.

Decided November 5, 1904.

**1.—Killing Live Stock—Charge on Weight of Evidence.**

In an action for the value of live stock killed on defendant's right of way at a point where a public road ran parallel with the railway track between fences on either side of the track it was error, as being on the weight of evidence, for the court to charge that plaintiff had the right to drive his stock on and along the public road and to camp thereon at night, but it was his duty in so doing to exercise such care to prevent the stock from getting upon defendant's track as a person of ordinary prudence would have exercised under the same circumstances, such charge not being responsive to any issue in the case and bearing only on the question of contributory negligence on plaintiff's part in not camping at some point more distant from the track.

**2.—Same—Contributory Negligence.**

The statute fixing the liability of railway companies for the killing of live stock by their trains does not, it seems, preclude the defense of contributory negligence where the owner of the stock camps them for the night beside the unfenced right of way when a safer place for camping was available.

Appeal from the District Court of Childress.   Tried below before Hon. Ira Webster.

*Stanley, Spoonts & Thompson,* for appellant.

*E. E. Diggs,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—The Supreme Court having ruled that the statement of facts should be considered, notwithstanding what had been so distinctly laid down in Blum v. Nelson, 59 Texas, 378, as a rule of practice to be observed thereafter, which we felt constrained to follow (78 S. W. Rep., 1000; 81 S. W. Rep., 25), we proceed now to dispose of the appeal in the light of the statement of facts.

On the former appeal the judgment was reversed because the trial court had refused to submit the defense of contributory negligence to the jury, as will be seen from the case as reported in 69 S. W. Rep., 985.   On the last trial the issue was submitted, the evidence being about as it was before, and the verdict was about the same, differing only in amount.   We are now asked to reverse the judgment rendered on this verdict, among other grounds, because the court gave the following charge: "The plaintiff had the right to drive the cattle, horses and mules on and along the public road, and to camp them thereon at night, but it was his duty in so doing to exercise such care to prevent such stock from getting upon defendant's track, as a person of ordinary prudence would have exercised under the same circumstances." The principal objection to this charge, and the one to which we think it is justly subject, is that it was a charge on the weight of the evidence. It is doubtless true that appellee had the legal right both to travel and camp on the public road running along appellant's right of way between the fences on either side of the railroad track, but whether, as a man of ordinary prudence, he had the right to camp where he did was a question for the jury.   He had passed a pen that afternoon in which he might have held his stock over night, and there were also gates in the fence through which he might have driven them to a camping ground elsewhere.   True, he offered an explanation for not adopting either of these courses, but it was the province of the jury to pass upon the reasonableness of this explanation.   The charge was not responsive to any issue in the case, for the court had already instructed the jury that the failure of appellant to fence its track made it liable for the stock killed, unless appellee's contributory negligence precluded a recovery, and it was therefore without significance unless it bore on the latter issue. It was, to say the least, in the nature of an argument.

In some of the states statutes fixing liability on railroad companies for killing live stock run over by their trains have been construed to exclude the defense of contributory negligence altogether, but the courts rendering these decisions have nevertheless refused to sustain judgments in favor of the owners of live stock so killed where they were themselves to blame for the loss of their stock.   Railway Co. v. Lull, 28 Mich., 510; Wiltie v. Railway Co., 105 Ind., 55.   These decisions seem to treat the act of the owner in driving or herding his stock where they would be

in danger of being struck by passing trains as a voluntary abandonment of them, and on this ground deny the right of recovery. It would seem, therefore that even according to this line of cases the charge in question was inadmissible. It is clearly so, we think, where the construction adopted on the former appeal prevails, as it does in several other states, that contributory negligence will bar a recovery in this class of cases. See Elliott on Railroads, sec. 1209; Pitts, etc., Railway Co. v. Methven, 21 Ohio St., 586; Hindanan v. Railway Co., 22 Pac. Rep., 116; Keeney v. Railway Co., 24 Pac. Rep., 233. In the case last cited, which was similar in many respects to the case before us, the defense of contributory negligence was held to be a bar, the court holding that where a herder in charge of stock "voluntarily drives and leaves them uncared for in a place of danger along a railroad track, where injury is likely to happen to them as a probable consequence, and they were killed, his act will be regarded as the proximate cause of the injury, and preclude the owner from recovery."

We do not mean to intimate, however, that the defense of contributory negligence was conclusively established in this case—that issue not being now before us—but do hold that in no view of the case was the court warranted in instructing the jury that appellee had the right to pitch his camp so near the railway track as was done in this instance, although he may have exercised "such care to prevent said stock from getting upon defendant's track as a person of ordinary prudence would have exercised under the same circumstances." But for this charge the jury might have concluded that a person of ordinary prudence would not have gone into camp at that place at all.

The judgment is therefore reversed and cause remanded for a new trial.

*Reversed and remanded.*