## San Antonio & Aransas Pass Railway Company v. Mrs Ada McMillan.

### No. 1697. Decided May 15, 1907.

**1.—Discovered Peril—Trespasser on Track.**

The duty of those operating a railway train to stop on discovering a trespasser upon the track does not arise until they recognize the object seen as a man, and that he will not or can not leave the track in time to avoid injury; and there is no liability because of their negligence in failing to discover his presence or recognize his peril sooner.   (P. 564.)

**2.—Same—Facts Not Involving Issue.**

A man sitting on the track at night, with his head bowed in his hands, asleep or intoxicated,. was discovered by the fireman at a distance of 400 feet, and by the engineer at 300, but only recognized as a human being at 200 feet distance, and efforts were then first made to stop the train, which could be, and was, stopped within 400 feet. Held that the facts did not justify the submission of the issue of injury by negligence after discovery of his peril.   (Pp. 563–565.)

**3.—Same.**

The evidence, to raise the issue of negligence after discovered peril, must establish its elements to that degree of certainty that will take the conclusion out of the realm of pure conjecture; and it does not arise on discovery of a man standing on the track.   (Pp. 565, 566.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Colorado County.

Mrs. McMillan sued the railway company for the death of her husband and recovered a judgment. Defendant appealed, and on affirmance obtained writ of error.

*S. C. Patton* and *A. W. Houston,* for plaintiff in error.—The court erred in submitting to the jury the issue of negligence on the part of defendant's agents and servants after the discovery of the peril of the deceased, there having been no evidence to raise said issue. Gulf, C.

& S. F. Ry. Co. v. Kizziah, 86 Texas, 88, 89; Houston & T. C. Ry. Co. v. Berling, 37 S. W. Rep., 1085-6; El Paso & N. W. Ry. Co. v. McComas, 72 S. W. Rep., 631; Missouri, K. & T. Ry. Co. v. Schilling, 75 S. W. Rep., 66; Texas & Pac. Ry. Co. v. Johnson, 90 Texas, 308; Bullock v. Houston, E. & W. T. Ry. Co., 55 S. W. Rep., 185.

*Brown, Carothers & Brown,* for defendant in error.—Where there is evidence, either circumstantial or direct, to prove, or tend to prove, that deceased was standing when struck, that appellant was negligent in failing to keep a proper lookout, and that appellant's agents were negligent after discovering deceased's peril, it is not error for the court to submit such issues. That circumstances can contradict engineer and fireman, and raise an issue for submission to the jury, see: Gulf, C. & S. F. Ry. Co. v. Matthews, 89 S. W. Rep., 983; Houston & T. C. Ry. Co. v. Ramsey, 81 S. W. Rep., 825; San Antonio & A. P. Ry. Co. v. Brock, 80 S. W. Rep., 424; Gulf, C. & S. F. Ry. Co. v. Miller, 79 S. W. Rep., 1109.

That circumstantial evidence, as against direct testimony of engineer and fireman, will support verdict, see: Gulf, C. & S. F. Ry. Co. v. Matthews, 89 S. W. Rep., 983; Houston & T. C. Ry. Co. v. Ramsey, 81 S. W. Rep., 825; Brown v. Griffin, 71 Texas, 659; Denison, etc., Ry. Co. v. Craig, 80 S. W. Rep., 866; Gulf, C. & S. F. Ry. Co. v. Brown, 76 S. W. Rep., 795.

That the phase of evidence most favorable to plaintiff must be considered, see Texas & Pac. Ry. Co. v. Ball, 96 Texas, 624.

BROWN, ASSOCIATE JUSTICE.—Ada McMillan instituted this suit in the District Court of Colorado County to recover of the San Antonio & Aransas Pass Railway Company damages for the death of her husband J. A. McMillan, who was so injured that he died by a train on the defendant's track in Colorado County near to a station called Chester. Upon the trial the jury rendered a verdict in favor of Mrs. McMillan for $3,500 and judgment was entered by the trial court for that sum. Upon appeal the Court of Civil Appeals affirmed the judgment.

With other issues the trial court submitted to the jury the issue whether the employes upon the defendant's train discovered the deceased upon the track and realized that he was in danger and would not probably be able to extricate himself at such time that by the use of the means at their command they could have stopped the train, or lessened its speed, and thereby have prevented the injury. The plaintiff in error assigned error upon the charge submitting this issue in the Court of Civil Appeals and has presented it as one of the grounds upon which the application for writ of error is based. The evidence is sufficient to authorize the jury to find the following facts: On the night of August 20, 1904, a passenger train was going west on defendant's road running at the rate of about thirty-five miles an hour, and, when near the station of Chester, the fireman discovered an object upon the track ahead of the train at a distance of about 400 feet and at once began to ring the bell and continued to ring it until after the man was struck. At a distance of about 300 feet from where the man was the engineer discovered the object upon the track but did not know what it was and took no steps

to check the speed of the train or in any way to warn the person, if it should be a person, that was upon the track. He did not sound the whistle until he reached a point about 200 feet from the object when he discovered that a man was sitting upon the track bent forward with his face in his hands, and, realizing the danger of the man and that he would probably not get out of the way, he sounded the whistle and put the brakes on the train, but he did not reverse the engine. The train struck the man and ran beyond where he was to a distance of not less than 400 feet. The train was 250 feet long, and the rear end of it was stopped 160 feet from where McMillan lay. One of the methods of stopping the train quickly is to reverse the engine. Under the condition, with the train that was then attached to the engine, it could have been stopped by the use of all the means at hand within a distance of 400 feet. Some of these facts are controverted in the evidence, but there is sufficient testimony to sustain the verdict upon each one of them; and in determining this question we will consider only the facts which the jury might have found although the testimony might have authorized a different conclusion. In other words, this is the most favorable finding in favor of the plaintiff that could be made upon the testimony.

If McMillan was standing upon the track when the fireman discovered him and there was nothing to indicate that he was unable to leave the track or that he would not do so, those operating the locomotive had the right to presume that he would get off the track and avoid the injury. It was not the duty of the servants in charge of the train to stop it under such circumstances until they discovered that he did not intend to, or could not, leave the track. (Artusy v. Missouri Pac. Ry. Co., 73 Texas, 191.) If, when the trainmen discovered the object on the track, they, in the exercise of proper care, did not recognize it as a human being, it was not their duty to stop the train until they discovered that it was a man on the track. (Burg v. Chicago, R. I. & P. Ry. Co., 90 Iowa, 106; Tucker v. Norfolk & W. Ry. Co., 92 Va., 549.)

When the engineer or fireman discovered that the object upon the track was a man and from his attitude they had no good reason to believe that he would leave the track, it became their duty to exercise ordinary care in applying and using all the means at hand consistent with its safety to stop the train or lessen its speed so as to avoid injuring such person. If the discovery of the deceased's peril was in time to have stopped the train or checked its speed and the servants failed to use ordinary care in applying the means at hand whereby the injury occurred, the railroad company would be held liable therefor. (Texas & Pac. Ry. Co. v. Breadow, 90 Texas, 26; Texas & Pac. Ry. Co. v. Staggs, 90 Texas, 458.)

In applying the doctrine of discovered peril the railroad company can not be held liable because the servant was negligent in failing to discover the person or in failing to recognize his peril, but it must appear from the evidence that the servant actually saw the man, realized his peril and that he would not get off the track. (Railway Co. v. Breadow, above cited.) It must also appear that the discovery of the peril was in time for the trainmen by the use of the means at hand to stop the train before coming in collision with the man.

The question for discussion in this case is, was there testimony before the jury which raised the issue of discovered peril. There is nothing in the testimony to suggest that the engineer or the fireman recognized the object as a man until the train was within 200 feet of him. The fireman said that he saw an object on the track at about 400 feet ahead and began to ring the bell; and the engineer testified that he saw the object about 300 feet distant but did not recognize it as a human being, but at about 200 feet he discovered that it was a man sitting upon the track with his face in his hands and then he resorted to every means at hand to stop the train, stating what he did in order to accomplish it, and he appears to have done everything that was possible to be done except reversing the engine, for the failure in that he accounted by saying it was not proper to do so under the circumstances. The testimony shows and the defendant in error by counsel insists upon the fact that the train could have been stopped in 400 feet, and there is no evidence to show that it could have been stopped in less distance. It does appear from the evidence that the man was in a condition that he could not have gotten out of the way after he was discovered by the trainmen, for, according to their statement, he was sitting upon the track, his head bowed, with his face in his hands, indicating that he was asleep or intoxicated, wholly oblivious to the approach of the train. After discovering him the train could not have been stopped before it reached him and must necessarily have run over his body or struck him, throwing him off the track as it did. The facts contradict any suggestion that if the train had been checked he would have stepped off the track, for he was not in a condition to have done so, whether intoxicated or not. From this statement it necessarily follows that the failure of the engineer to reverse the engine could not have caused the injury because there was not time sufficient in which to have stopped the train before striking the deceased.

Counsel for the defendant in error claims that the testimony shows there was one shoe track in the soil between the rails at the point where the deceased was struck and from the direction in which the toe of the shoe was pointed and the direction the body of the deceased was when picked up, with some other circumstances, he argues that the deceased was standing up on the track at the time he was discovered and when he was struck by the train. Admitting that the conclusion is correct, and that the deceased was standing upon the track when he was discovered by the trainmen, then the engineer would not have been required to stop the train or to make any effort to slow it up until he discovered that the man would not leave the track and such facts do not show the knowledge of peril which is necessary to hold the railroad company responsible for the injury if McMillan himself was guilty of contributory negligence in being on the track. If the man was standing on the track the doctrine of discovered peril was not in the case no matter how negligent the employes of the railroad company may have been either in failing to discover his presence or in failing to stop the train for the reason that no obligation rested upon them to stop the train under such conditions. The law is liberal in permitting parties to join different grounds of recovery, but it will not permit a jury to base a verdict upon facts so inconsistent that the existence of the one necessarily nega-

tives the other. The court submitted two issues antagonistic in their facts and we can not tell upon which the verdict was based. If the evidence was so conclusive upon the other issue as to entitle the plaintiff to recover as a matter of law independently of the issue of discovered peril, the judgment should not be disturbed for the error of submitting the latter issue, but such is not the fact. The evidence is not conclusive in favor of the plaintiff as to defendant's negligence, if deceased was standing on the track; nor is it in that case conclusive against the defendant upon the question of deceased's contributory negligence. Of necessity much lattitude is allowed in establishing the elements of discovered peril, but the testimony must be certain to that degree that will take the conclusion out of the realm of pure conjecture.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*