ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. MOORE.

(Court of Civil Appeals of Texas. Texarkana. Jan. 23, 1913.)

1. RAILROADS (§ 446*) — INJURIES TO ANIMALS ON TRACK—LIABILITY.

Where a railroad company had inclosed its right of way with a fence and cattle guards reasonably sufficient to exclude stock, there had been no previous trespasses at that place, and there was nothing to indicate that stock were likely to be there, those in charge of a train did not, as a matter of law, owe the owner of trespassing animals the duty of keeping a lookout to discover their presence on the track; and an instruction that such was their duty was improper.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1627–1641; Dec. Dig. § 446.*]

2. NEGLIGENCE (§ 1*) — NATURE AND ELEMENTS.

Negligence is the failure to exercise that degree of care which the law exacts under the particular circumstances for the protection of the person and property of others.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 5, pp. 4743–4763; vol. 8, pp. 7729–7731.]

Appeal from District Court, Morris County; P. A. Turner, Judge.

Action by H. B. Moore against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Glass, Estes, King & Burford, of Texarkana, and E. B. Perkins and D. Upthegrove, both of Dallas, for appellant. Henderson & Bolin, of Daingerfield, for appellee.

HODGES, J. This appeal is from a judgment rendered in the district court in favor of the appellee for $300 as damages for the killing of two mules. The evidence shows that the mules were struck and killed at night by one of the appellant's passenger trains. It is also shown that at the place where the killing occurred appellant's right of way was inclosed with a good fence and cattle guards in good order; that the mules had entered this portion of the inclosure by passing over one of the cattle guards from a public highway. The engineer in charge of the train, the only eyewitness to the killing, who testified upon the trial, stated that he saw only one of the mules; that the animal was then about three telegraph poles from the train; that he immediately put on the emergency brake and stopped the train

as soon as he could. Upon investigation it was found that both animals had been struck and killed.

[1] Among other instructions, the court gave to the jury the following: "I further charge you that it was the duty of the engineer and fireman in charge of said engine to use ordinary care to keep a reasonable watchout on the track in front of said engine to discover obstructions, if any, that may be on the track. Now, if you believe from the evidence that the engineer and fireman in charge of said engine failed to use ordinary care to keep a reasonable lookout on the track in front of said engine, and that if they had used ordinary care to keep a reasonable lookout on the track in front of said engine they could and would have discovered said mules on said track in time to have kept from hurting them by the use of ordinary care, then this would be negligence, as negligence is used in the third paragraph of this charge." The giving of this charge is assigned as error, and we think the assignment should be sustained. The appellant, having complied with the law in fencing its track at this place, could only be held liable by showing that the killing resulted from the negligence of its agents in charge of the train.

[2] Negligence is simply the failure to exercise that degree of care which the law exacts under the particular circumstances for the protection of the person and property of others. The question presented in this case is, Did the appellant's employés owe to the owner of these mules the duty to exercise ordinary care to keep a lookout for the purpose of discovering the presence of the animals on the track? The mules were at the time trespassers upon appellant's property, and there is no evidence that any similar trespasses had ever occurred before at that place, and there is nothing to indicate that stock of this character were likely to be there and be injured. Having inclosed its right of way with a fence sufficient to exclude ordinary stock, appellant's employés may have been justified in assuming that no stock would be upon the track at that place. We may concede that instances may occur when common prudence would require of such employés the keeping of a lookout for trespassing animals; but in a case like this the court had no right to instruct the jury, as a matter of law, that this specific duty existed. Railway Co. v. Byrd, 124 S. W. 738; M., K. & T. Ry. Co. v. Tolbert, 100 Tex. 483, 101 S. W. 206; I. & G. N. Ry. Co. v. Cocke, 64 Tex. 157; I. & G. N. Ry. Co. v. Dunham, 68 Tex. 231, 4 S. W. 472, 2 Am. St. Rep. 484.

In the Byrd Case, cited above, an animal was killed upon the track of the railway company in territory where such animals were forbidden by law to run at large. It was there held that the employés in charge of the train owed no duty to keep a lookout for such trespassing animals. That decision seems to be in harmony with previous holdings of our Supreme Court. The principle there announced is equally applicable to this case.

The trespass of an animal will be attributed to its owner, and the duty to discover its perilous situation can arise only when the owner may legally claim that vigilance as a protection to his property. At the place where these animals were killed, the appellant had the right to the exclusive use of its track and right of way; and when it inclosed the right of way with a fence reasonably sufficient to exclude stock it occupied a position towards trespassing animals very similar to that of any other owner, who had taken the precaution to inclose his premises. It was not proper for the court to select some particular species of vigilance and tell the jury that it was the duty of the employés in charge of the train to observe that method for guarding against injury to stock.

For the error indicated, the judgment of the district court is reversed and the cause remanded.