### IRVING v. TEXAS & P. RY. CO.

(Court of Civil Appeals of Texas. El Paso. June 12, 1913. Affirmed on Its Merits Feb. 12, 1914. Rehearing Denied March 12, 1914.)

1. RAILROADS (§ 415*)—OPERATION—STOCK ON TRACK.

A railroad, whose right of way was inclosed by good and substantial fences, was not bound to keep a lookout· for herds of cattle which might be driven across its right of way, since the trainmen might assume that it would be free from trespassers.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1476–1482; Dec. Dig. § 415.*]

2. RAILROADS (§ 422*)—OPERATION—STOCK ON TRACK—CONTRIBUTORY NEGLIGENCE.

Plaintiff, who unlawfully took down a railroad's right of way fences to drive his stock across, was a trespasser upon the right of way and guilty of negligence contributing to injury to his stock from a freight train.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1512–1515; Dec. Dig. § 422.*]

3. RAILROADS (§ 390*)—OPERATION—PRESENCE ON TRACK—DISCOVERED PERIL.

A railroad cannot be held liable because its servants were negligent in failing to discover a person in a place of peril, or in failing to recognize his peril, but is liable only when they actually saw him and realized his peril in time, by the use of the means at hand, to stop the train before a collision.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1324, 1325; Dec. Dig. § 390.*]

4. RAILROADS (§ 441*)—OPERATION — INJURY TO STOCK—BURDEN OF PROOF.

Plaintiff, in an action against a railroad for collision with his stock as it was being driven across the right of way, had the burden of showing that the trainmen actually saw the stock, realized its peril, and that the discovery was in time for them, by the use of the means at hand, to stop or slow the train before collision.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1575–1595; Dec. Dig. § 441.*]

5. RAILROADS (§§ 415, 419*) — OPERATION — STOCK ON TRACK—DISCOVERED PERIL.

A railroad was not liable because its trainmen failed to discover plaintiff's stock on its right of way in time to avoid a collision, or because, having seen them, it failed to recognize their peril, unless they realized that it would not get off the track.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1476–1482, 1489–1500; Dec. Dig. §§ 415, 419.*]

6. RAILROADS (§ 446*)—OPERATION—QUESTION FOR JURY—DISCOVERED PERIL.

In an action against a railroad for injuries to stock driven on its right of way and run into by a freight train, where there was no evidence upon the issue of discovered peril, a verdict for the railroad was properly directed.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1627–1641; Dec. Dig. § 446.*]

7. RAILROADS (§ 441*)—STOCK ON TRACK—PRESUMPTION OF KNOWLEDGE.

Where there were only a few instances of the crossing of defendant's right of way by herds of cattle, it could not be presumed that defendant had knowledge thereof.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1575–1595; Dec. Dig. § 441.*]

8. RAILROADS (§ 405*)—STOCK ON TRACK—LICENSE.

Where it did not appear that a railroad had any knowledge of herds crossing its right of way or had ever expressly or impliedly consented thereto, a license for herds to cross could not be implied from the fact of an occasional crossing.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1393–1398; Dec. Dig. § 405.*]

Appeal from District Court, Reeves County; S. J. Isaacs, Judge.

Action by J. B. Irving against the Texas & Pacific Railway Company, with cross-action by defendant. Judgment for defendant in plaintiff's suit and for plaintiff on defendant's cross-action, and, after affirmance in the Court of Civil Appeals (157 S. W. 752), order overruling plaintiff's motion for rehearing set aside and case reinstated for determination on the merits. Affirmed.

Hefner & Cooke and Parker & Palmer, all of Pecos, for appellant. Douthit & Smith, of Sweetwater, and Howard & DeArmond, of Midland, for appellee.

McKENZIE, J. At a former day, this cause was affirmed, and the motion for rehearing overruled (157 S. W. 752), because

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the assignments of error did not comply with the requirements of amended rules 24 and 25 (142 S. W. xii). Afterwards, and during that term of the court, we reconsidered our action and caused the order overruling the motion for rehearing to be set aside. Our action in reinstating the motion was based upon the authorities of Hough v. Fink, 141 S. W. 147, Southern Pine Lumber Co. v. Arnold, 139 S. W. 917, and Olivarri v. Western Union Telegraph Co., 116 S. W. 392, which hold that a peremptory instruction, improperly given, of itself raises a question of fundamental error, which would require consideration by this court. Though we do not concur in the conclusions reached in the cases cited, yet there are but a limited number of cases affected, and because the questions involved are not such as to require us to certify to the Supreme Court to rectify the difference of opinion, as between this and the other Courts of Civil Appeals holding to the contrary, we have determined to decide the case upon its merits, and will therefore give due consideration to the assignments of error, as they appear in appellant's brief.

Appellant, J. B. Irving, as plaintiff below, sued the Texas & Pacific Railway Company, as defendant below, for damages caused by defendant, running a freight train through his herd of cattle while said cattle were being driven over and across defendant's right of way, thereby killing and injuring 56 head thereof. In substance, the plaintiff alleges that he was lawfully upon the defendant's right of way with his cattle, and that the injury resulted from defendant's negligent acts in operating its train, and that the injury could have been averted had defendant's agents, so operating the train, exercised ordinary care to avoid striking his cattle after discovering their perilous situation. Defendant answered by general denial and pleaded specially the contributory negligence of plaintiff in driving his cattle upon defendant's right of way, which said right of way was fenced, and which said place was not a public crossing, and that plaintiff knew or could have known by the exercise of ordinary care that there were public crossings both east and west of the point where he attempted to cross his said cattle over the defendant's right of way; that plaintiff was guilty of gross negligence in so driving or attempting to drive his said cattle across the defendant's right of way where the same was fenced, and which was the proximate cause of the injuries to said cattle; and plaintiff thereby assumed the risk and violated the law in attempting to cross his herd of cattle at said place. Also that at the time of the injury there was a severe sandstorm, peculiar to the Pecos country, raging at the time, which prevented the operatives of the train from seeing plaintiff's herd of cattle, and that plaintiff was negligent in not sending watchmen to flag the train, or to take any other precaution to avoid said cattle being struck by passing trains on defendant's right of way. The defendant also pleaded, by way of cross-action, for damages against the plaintiff for the derailment of its train in the sum of $3,000.

After the plaintiff had closed his case, the trial court peremptorily instructed the jury to find for defendant on plaintiff's suit for damages, and for plaintiff on defendant's cross-action. In accordance with said instruction, the jury returned its verdict, and judgment was entered thereon. It was because of this action of the trial court in so peremptorily instructing the jury that plaintiff has appealed to this court.

Under the first assignment of error, appellant contends that the evidence introduced was sufficient to raise the issue of discovered peril, and that such issue should have been submitted to the jury. We are of opinion that the evidence does not support appellant's contention.

[1] The evidence shows that defendant's right of way was inclosed by a good and substantial fence. The accident occurred too, at a point where the defendant was authorized to fence its right of way, and, having done so, it was not incumbent upon the operatives of the train to keep a lookout for herds of cattle which might be driven across its right of way. The train operatives might well assume that the right of way would be free from trespassers. St. Louis S. W. Ry. Co. v. Moore, 154 S. W. 602.

[2] The appellant unlawfully took down the defendant's right of way fences and recklessly exposed his valuable property to the dangers of passing trains. Such recklessness not only endangered the lives of the operatives of the trains on defendant's line, but was calculated to cause great damage to defendant's property and interference with its traffic. As suggested by appellee, such acts on the part of appellant is in violation of article 794 of the Penal Code, and perhaps make appellant liable to a prosecution for a misdemeanor. Clearly appellant occupies the position of a wrongdoer, a naked trespasser upon defendant's right of way, and is guilty of contributory negligence. Elliott on Railroads, § 1209; Ft. W. & D. C. Ry. Co. v. Roberts, 37 Tex. Civ. App. 108, 83 S. W. 250.

[3] It is the settled law of this state that in applying the doctrine of discovered peril, even though the object in peril is a human being, the railroad company cannot be held liable because the servant was negligent in failing to discover the person or in failing to recognize his peril, but it must appear from the evidence that the servant actually saw the man, realized his peril, and that he would not get off the track. It must also appear that the discovery of the peril was in time for the trainmen, by the use of the means at hand, to stop the train before coming in collision with the man. S. A. & A. P.

Ry. Co. v. McMillan, 100 Tex. 562, 102 S. W. 103; T. & P. Ry. Co. v. Breadow, 90 Tex. 26, 36 S. W. 410; T. & P. Ry. Co. v. Staggs, 90 Tex. 458, 39 S. W. 295.

We do not undertake to decide here that the doctrine so announced is applicable when a herd of cattle is upon the track. When announcing the above doctrine, the Supreme Court was dealing with cases where human beings were upon the track of a railway company. The reason for the doctrine is based "upon principles of humanity and public policy, to prevent what would otherwise be, so far as civil liability is concerned, the licensed destruction of persons negligently exposing themselves to peril." Railway Co. v. Breadow, supra.

[4-6] Granting, for the present, that the principles announced are applicable to a herd of cattle upon the railroad track, and we expressly refrain from so deciding, the question arises: Was there testimony before the jury which raised the issue of discovered peril? There is nothing in the testimony to suggest that the engineer or the fireman saw the cattle. There was no bell rung or alarm given by the operatives of the train and no effort, so far as the testimony shows, to stop the train until after it struck the cattle. The burden of proof was upon appellant to establish the fact that the operatives of the train actually saw the cattle, realized their peril, and that those in charge of the herd would not get them off the track in time to avoid being struck; and it must also appear that the discovery was in time for the trainmen, by the use of the means at hand, to stop or slacken the train before coming in collision with the cattle. The defendant cannot be held liable because the operatives of the train failed to discover the cattle in time to have avoided the accident, or, having seen the cattle, then failing to recognize their peril; but as said in Railway Co. v. McMillan, supra, it must appear from the evidence that the servant actually saw the cattle, realized their peril, and that they would not get off the track. The evidence wholly fails to establish any one of the essential requirements to raise the issue, and the trial court properly directed the jury to return its verdict for defendant.

Under the second assignment of error, appellant submits the following proposition: "It being admitted that plaintiff did not attempt to cross at a regular public crossing, and the petition alleging a license or implied consent to cross in the manner in which he did, and the defense being that crossing in such manner made him a trespasser and constituted contributory negligence, and the evidence being sufficient to raise an issue of fact as to whether he crossed in such manner by the express or implied consent of the defendant and an issue of fact as to whether the manner in which he crossed constituted contributory negligence on his part, such issue should have been submitted to the jury."

[7, 8] This proposition cannot be maintained in view of the fact that the evidence shows conclusively that the defendant had at no time given its consent, either expressly or impliedly, for the crossing of herds of cattle at the place and in the manner as did appellant. Nor was it shown that the defendant had any knowledge of such herds crossing, nor could it be presumed that it had such knowledge, since the evidence shows that there were only a few instances of the crossing of other herds of cattle. We quote with approval from Railway Co. v. Shiflet, 98 Tex. 331, 83 S. W. 678, as decisive of the question: "We do not understand that persons become licensees, who, without the express or implied permission of a railroad company, habitually use its track as a convenience in passing from one point to another. There was no express permission shown in this case, nor do we think such permission can be implied from the mere fact that persons were accustomed to use the track as a pathway without objection on the part of the defendant company. That no benefit could accrue to it from such use is apparent. On the contrary, it is but reasonable to suppose that the presence of persons walking on the track would be calculated to interfere with the operation of the trains, and would therefore be objectionable. A railroad company has no practicable means of preventing a use of this character. It would require a small army to picket a long line of railroad to prevent trespassers upon it. Trespassers cannot be prosecuted for the wrong, for it is not a penal offense under our law. A license, whether expressed or implied, must proceed from the fact of some one having authority to grant it; and we think, in the absence of proof, it should not be presumed that the servants of a railroad company, who operate its trains, have such authority. Therefore we are of opinion that a license should not be implied from the mere fact that persons were accustomed to use the track as a passway, or from the further fact that the conductor or engineer knew of such custom."

The second assignment of error is therefore overruled.

For the reasons assigned in overruling the second assignment of error, the third, fourth, fifth, sixth, and seventh assignments of error are also overruled.

There is no error in the judgment, and it is in all respects affirmed.