TEXAS TRACTION CO. v. WILEY.

(Court of Civil Appeals of Texas. Dallas. Feb. 28, 1914.)

1. STREET RAILROADS (§ 91*)—COLLISION—EVIDENCE—SPEED ORDINANCE.

In an action against an interurban electric railroad for injuries in a collision at a street crossing, it was error to admit a speed ordinance relating to railway trains, such an ordinance having no application to trains propelled by electricity.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 190–192; Dec. Dig. § 91.*]

2. STREET RAILROADS (§ 113*) — COLLISION WITH AUTOMOBILE—EVIDENCE — CONTRIBUTORY NEGLIGENCE.

In an action against an electric railroad for injuries in a collision, evidence as to what a witness would have done if he had been back from the street a certain distance and heard the gong and seen the car was irrelevant, being conjectural and throwing no light on the issue of contributory negligence under consideration.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 229–238; Dec. Dig. § 113.*]

3. NEGLIGENCE (§ 122*)—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

In a personal injury case, wherein plaintiff's evidence raised the question of contributory negligence, it was error to place the burden on defendant to show such negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 221–223, 229–234; Dec. Dig. § 122.*]

4. STREET RAILROADS (§ 118*) — COLLISION WITH AUTOMOBILE—ACTION FOR INJURIES—INSTRUCTIONS.

In an action against an interurban electric railroad for injuries in collision at a street crossing, the court, in charging on the issue of negligence, should omit any reference to an ordinance relating to speed of steam engines.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 258–269; Dec. Dig. § 118.*]

5. STREET RAILROADS (§ 118*) — COLLISION WITH AUTOMOBILE — CROSSING ACCIDENT — ACTION FOR INJURIES—INSTRUCTIONS.

In an action against an interurban railroad for injuries in a collision at a street crossing, it was error to give a charge making defendant liable, not only if its servants operating the car did in fact discover plaintiff's position before it was too late to stop it, but also if they, "by the exercise of ordinary care, could have discovered him in a position of danger."

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 258–269; Dec. Dig. § 118.*]

6. STREET RAILROADS (§ 118*) — COLLISION WITH AUTOMOBILE—ACTION FOR INJURIES—INSTRUCTIONS.

Where the evidence in an action against an interurban railroad for injuries in collision at a street crossing called for a charge on accident, it was error to refuse a charge to find for defendant, if plaintiff's wife and automobile were injured as the result of a cause which defendant by ordinary diligence could not have foreseen and guarded against.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 258–269; Dec. Dig. § 118.*]

7. STREET RAILROADS (§ 91*) — COLLISION WITH AUTOMOBILE — VIOLATION OF ORDINANCE—NEGLIGENCE.

Failure of an interurban car to stop in front of a station on its way to the rear to unload baggage and freight, in course of which it collided with an automobile at a street crossing adjoining the station, was not a violation of an ordinance requiring cars to stop at stations, and was not negligence under the law.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 190–192; Dec. Dig. § 91.*]

8. NEGLIGENCE (§ 141*)—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

Where the court in a negligence case charged on contributory negligence in a general way, but did not tell the jury that if plaintiff was guilty of contributory negligence he could not recover even though they might believe from the evidence that defendants were also guilty of negligence, it erred in failing to give a requested charge to that effect.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 382–399; Dec. Dig. § 141.*]

9. NEGLIGENCE (§ 141*)—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

Where the court did not present in an affirmative way the defense of contributory negligence, it was error to refuse a special charge calling the jury's attention to facts which, if

---

found to be true, would defeat a recovery on that issue.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 382–399; Dec. Dig. § 141.*]

**10.** STREET RAILROADS (§ 118*) — COLLISION WITH AUTOMOBILE—ACTION FOR INJURIES—INSTRUCTIONS.

In an action against an interurban railroad for injuries in a collision at a street crossing adjoining a station, wherein it appeared that employés of defendant on its depot platform saw plaintiff's danger in time to have prevented the collision had they warned him in time, but did not do so, and the jury may have concluded from the court's charge that their failure to do so was imputable to defendant, it was error to refuse a charge which precluded the jury from considering evidence of such omission as showing negligence attributable to defendant.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 258–269; Dec. Dig. § 118.*]

**11.** TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS.

Where the court charged on discovered peril in an action against an interurban railroad for injuries in a collision at a street crossing, but a requested charge on the same subject was fuller, and more accurately expressed the law with reference to the facts, it was error for that reason not to give it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

**12.** STREET RAILROADS (§ 118*) — COLLISION WITH AUTOMOBILE—INSTRUCTIONS.

Where, in an action against an interurban railroad for injuries in a collision with an automobile at a street crossing, the evidence calls for a charge on accident, it was error to refuse a charge to find for defendant if it was shown that plaintiff's injury was due to misfortune and misadventure, and that defendant's servants in charge of the car exercised, under the circumstances, ordinary care in its operation.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 258–269; Dec. Dig. § 118.*]

Appeal from District Court, Collin County; G. R. Smith, Special Judge.

Action by T. W. Wiley against the Texas Traction Company. From a judgment for plaintiff, defendant appeals. Reversed.

Templeton, Beall & Williams, of Dallas, and J. R. Gough and Garnett & Hugston, both of McKinney, for appellant. W. R. Abernathy and R. C. Merritt, both of McKinney, for appellee.

RAMEY, C. J. Appellee sued the appellant to recover damages for injuries to himself and to his wife, and to his automobile, sustained by reason of a collision between plaintiff's automobile and appellant's interurban car in the town of McKinney. Defendants answered by general and special demurrers, general denial, and specially contributory negligence in that plaintiff was running his machine at a rapid rate of speed in violation of a city ordinance, at the crossing of two streets running at right angles with each other, upon one of which appellant operated its cars, and upon the other appellee was traveling, and that in approaching said crossing appellee was looking off in a different direction from the way he was traveling. A

trial resulted in a verdict and judgment against both defendants for $3,500, from which judgment this appeal is prosecuted.

## Reasons for Reversal.

[1] The court erred in admitting in evidence ordinance No. 88, limiting the speed of railway trains within the city of McKinney. Said ordinance related to railways propelled by steam, and had no application to trains propelled by electricity.

[2] The court erred in permitting the plaintiff, Dr. T. W. Wiley, to answer the following question: "Q. If you had been back up Louisiana street 60 feet, and had seen the Interurban car or heard the gong if it had been sounded, what would you have done? A. If I had been back 20 feet I could have stopped it"—and the further question, "If you had been in 20 feet of the track and heard the gong and seen the car what would you have done? A. It seems to me that the question requires a most emphatic answer, and I am going to give it. I would have been either a knave or a fool if I had not stopped the car, or made an attempt to do it, and I certainly would have done it, and I would have stopped it." The evidence is irrelevant, being conjectural, and threw no light upon the issue under consideration.

[3] The court erred in its charge in that it placed the burden of proof on defendants to show contributory negligence on the part of plaintiff. Under plaintiff's evidence the question of contributory negligence on his part was raised, and, such being the case, it was wrong to place the burden on the defendants. Ordinarily the rule is that the burden of proof to establish plaintiff's contributory negligence is upon the defendant, but to this rule there are two well-defined exceptions, which are stated in Railway Co. v. Sheider, 88 Tex. 162, 30 S. W. 904, 28 L. R. A. 538, to be: First. "Where the legal effect of the facts stated in the petition is such as to establish prima facie negligence on the part of plaintiff as a matter of law, then he must plead and prove such other facts as will rebut such legal presumption. The plain reason is that by pleading facts which, as a matter of law, establishes his contributory negligence, he has made a prima facie defense to his cause of action which will be accepted as true against him both on demurrer and as evidence on the trial, unless he pleads and proves such other facts and circumstances that the court cannot, as a matter of law, hold him guilty of contributory negligence. When he has done this, he has made a case which must be submitted to the jury. For instance, if plaintiff's petition shows that he was injured by defendant's cars while on the track under circumstances which in law would make him a trespasser, prima facie then the law would raise a presumption of contributory negligence against him, for which his petition

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

would be bad on demurrer, and it would be necessary for him to plead some fact or circumstance rebutting such presumption, such as that he was, after going upon the track, stricken down by some providential cause, in order to save his petition, and on the trial the burden would be upon him to establish such case. Railway v. Murphy [46 Tex. 356, 26 Am. Rep. 272], and other cases above cited; Railway v. Sympkins, 54 Tex. 618 [38 Am. Rep. 632]. Second. When the undisputed evidence adduced on the trial establishes prima facie, as a matter of law, contributory negligence on the part of plaintiff, then the burden of proof is upon him to show facts from which the jury, upon the whole case, may find him free from negligence ; otherwise the court may instruct a verdict for defendant, there being no issue of fact for the jury. Sanchez v. Railway, 88 Tex. 117 [30 S. W. 431], and cases cited; Cassiday v. Angell, 12 R. I. 447 [34 Am. Rep. 690]; Railway v. Sympkins, 54 Tex. 618 [38 Am. Rep. 632]."

[4] As the case will be reversed, we call attention to an error of the court's charge on the issue of negligence; he called attention to ordinance 88, relating to the speed of steam engines, etc., alleged by plaintiff in his original petition. By an amended supplemental petition plaintiff pleaded ordinance 152 of said city, relating to electric railways. While this error under the circumstances is not such as to cause a reversal, it would be better to omit such reference on another trial. The court should have told the jury that defendant had the right to run its cars at the rate of eight miles an hour, and have withdrawn from their consideration ordinance 88 which prohibits a speed of more than six miles per hour.

[5] The court erred in the twelfth paragraph of its charge, in that it makes appellants liable, not only if their servants operating the car did in fact discover appellee's position before it was too late to stop the car, but also if they, "by the exercise of ordinary care, could have discovered him in a position of danger." In Railway v. Breadow, 90 Tex. 31, 36 S. W. 412, in treating the principle of discovered peril, it is held: "The burden of proof was upon the plaintiff in this case, in order to recover for a breach of such new duty, to establish, not that the employés might, by the exercise of reasonable care, have acquired such knowledge, but that they actually possessed it." When a charge relates to discovered peril, it is misleading to tell the jury that by the exercise of ordinary care the danger might have been discovered by the employés operating the train. Railway Co. v. McMillan, 100 Tex. 564, 102 S. W. 103, and other decisions of our Supreme Court, holds with the Breadow Case.

[6] The court erred in refusing defendants' special charge as follows: "If you find and believe from the evidence that the plaintiff's wife and his automobile were hurt and injured as alleged, yet if you find that such injuries were the result of a cause which the defendants, by the use of ordinary diligence, could not have foreseen and guarded against, then you are instructed that the same would have been an accident, and if you so find and believe, you will find for the defendants." The evidence in this case was of such a character that a charge on accident was called for.

[7] The court erred in giving plaintiff's fourth special instruction, which is, in effect, that under the law it was negligence on the part of defendant in running its car past a regular station without stopping, etc. Ordinance 152 of the city of McKinney regulating the operation of cars, reads:

"Sec. 2. All interurban electric local cars for passengers are hereby required to stop at street crossings at one time within four blocks for taking on or letting off passengers when there are passengers to alight or board the cars: All interurban cars known as (special) cars and 'Express Limited' (passenger) are hereby required to stop at street crossings within the city limits at least once within every eight blocks within the city limits for the purpose of taking on or letting off passengers where there are passengers to alight from or board the cars.

"Sec. 3. Any and all persons operating electric interurban cars may designate the stops provided for in section two but should such person or company fail to do so the said stops shall be counted from the passenger station of said person or company located within the city, provided, however, that the interurban express cars strictly should not be required to stop within the said city limits except at regular stations."

The evidence shows that the collision occurred at the crossing of Louisiana and Kentucky streets, on the northwest corner of which is situated appellant's depot. The front of said building is used for passengers and the rear is used for freight. Appellant's track runs north and south along Kentucky street. At a point about the south line of Louisiana street a spur or switch branches from the main track and runs in a northwesterly direction to the rear end of the depot, where baggage and freight is received and discharged on and from the cars. Defendants' express car in going south passed the front of the depot, intending to go down to where the spur leaves the main track, and then run out to and stop at the freight department, as had been the custom ever since the construction of the road. We think the manner of conducting the running of baggage and freight cars was in keeping with the city ordinance. The stopping of the express car in front of the depot would have served no good purpose. It could not unload freight at that point, and cars going south running down to the spur and then up to the rear of

the depot meet with the spirit of the ordinance if not with the strict letter thereof.

[8] The court erred in not giving defendants' special charge "e," which is as follows: "The court having given its main charge to the jury and having refused defendants' requested charge numbered 1, said defendants now here request, the court to charge the jury as follows: (e) If you should find and believe from the evidence that the plaintiff's wife was injured and his automobile was injured and damaged at the time and place alleged by him, yet if you find and believe that the same was done while the plaintiff was attempting to cross the defendants' track on Louisiana street in McKinney, and that in approaching and trying to cross the track at such place the plaintiff was propelling his automobile at a high and dangerous rate of speed, if he did, and that an ordinarily prudent person similarly situated as the plaintiff was would not have approached and attempted to cross the defendants' track at the rate of speed the plaintiff was then going, and that in doing so, if he did, the plaintiff was then and there guilty of an act of negligence, and that such act of negligence on his part, if you find that he was negligent, caused, or contributed toward causing, the injury to his wife and to his automobile, then he cannot recover, and in such case you will find for the defendants even though you may find and believe that said defendants, or either of them, were also guilty of negligence, unless you find for plaintiff on the issue of discovered peril." This charge tells the jury that if plaintiff was guilty of contributory negligence, he could not recover, even though they might believe from the evidence that the defendants were also guilty of negligence. The court charged on contributory negligence in a general way, but did not embrace this feature therein. Railway Co. v. Edwards, 100 Tex. 22, 93 S. W. 106.

[9] The court erred in refusing defendants' special charge "f," which is as follows: "If you should find and believe from the evidence that plaintiff's wife was injured and his automobile was injured and damaged at the time and place, as alleged, yet, if you find that the same was done while the plaintiff was attempting to cross defendants' track on Louisiana street in McKinney, and that in approaching and trying to make the crossing of defendants' track at such place, the plaintiff was looking off in a direction other than that in which he was then going, and was not paying attention and was not exercising ordinary care in making such crossing, if you find he was doing so, and that an ordinarily prudent person similarly situated as the plaintiff was would not have approached and attempted to make the crossing of defendants' track looking away in another direction, if he did, or in not paying proper attention at the time, if he did, or in not exer-

cising ordinary care in making such crossing, if he did, and that in doing such acts, or either of them, if he did, the plaintiff was then and there guilty of an act of negligence, and that such act of negligence on his part, if you find he was negligent, caused, or contributed towards causing, the injury to his wife and to his automobile, then he cannot recover, and in such case you will find for the defendants, even though you may find and believe that the defendants, or either one of them, were also guilty of negligence." This charge calls the jury's attention to certain facts, which, if found to be true, would defeat a recovery. The defendants have the right to have their defenses presented in an affirmative way, and where the court fails to so present it and a special charge is asked covering the issue and it is refused, it will cause a reversal of the case. Railway Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058.

[10, 11] The court erred in not giving defendants' requested charge, "m," which reads as follows: "If the defendants' servants operating and controlling their express car with which the plaintiff's automobile collided saw the same when it was reasonably far enough away from defendants' track to have stopped in time to have avoided a collision, they had the right to presume that the plaintiff would stop the same before it collided with the defendants' car. It was only after the defendants' servants and agents operating and managing their said car realized that the plaintiff was in danger, and that he could not or would not stop his automobile in time to avoid a collision with the defendants' car, that the duty devolved upon them to use all the means in their power and at their command consistent with the safety of defendants' car to avoid injuring the plaintiff. And if you find and believe from the evidence that the defendants' servants who were then operating and managing their said car at the time, after they saw and realized that plaintiff could not or would not stop said automobile in time to avoid such collision, did use all the means in their power and at their command to avoid injuring the plaintiff, the defendants would not be guilty of negligence on the charge of discovered peril, and on this issue you should find for said defendants; and in this connection you are told that, if some one or more of the defendants' servants other than the one or ones who were operating and managing the car at the time in question saw, or could have seen, the plaintiff's peril sooner or in time to have avoided injuring the plaintiff, then the failure of such servant or servants who were not engaged in operating such car at the time to give notice could not be charged or considered as negligence on the part of the defendants." Some of the defendants' employés who were not engaged in the operation of the car were on the depot platform and saw the collision and saw the appellee's danger in

time to have prevented the collision, had they warned him in time, but they did not do so. From the wording of the court's charge the jury may have concluded their failure to warn plaintiff was imputable to the defendants. The latter part of the charge called the jury's attention to the law to the effect that they could not consider said testimony as showing negligence attributable to the defendants; therefore said charge should have been given. The court charged upon discovered peril, but the requested charge was fuller and more accurately expressed the law with reference to the facts.

[12] The court erred in not giving special charge, "n," requested by appellant, which is as follows: "If you find and believe from the evidence that the injury to the plaintiff under all the facts and circumstances in proof before you was through misfortune and misadventure, and that defendants' servant in charge of said express car exercised, under the circumstances, ordinary diligence and care in the management and operation of said car at said time, then the jury are instructed that the plaintiff cannot recover, and, if you so believe, find for the defendants." We think under the facts of this case said charge should have been given.

The judgment is reversed, and the cause remanded.