## GERSDORF-SLOAN AMBULANCE SERVICE, Inc., v. KENTY.

### No. 8701.

Court of Civil Appeals of Texas. San Antonio.

Jan. 6, 1932.

Rehearings Denied Feb. 24, 1932.

R. H. Mercer and R. L. House, both of San Antonio, for appellant.

Charles J. Lieck, J. Ed. Wilkins, Walter Groce, and Edward Dwyer, all of San Antonio, for appellee.

SMITH, J.

This was an action for damages for personal injuries brought by Butler Kenty, appellee, an 89 year old and decrepit man, against the Ambulance corporation, appellant. It was alleged in his petition that, while crossing a business street in the downtown district of San Antonio, appellee was negligently struck and seriously injured by one of appellant's ambulances. As grounds of negligence, appellee alleged that the driver of the ambulance failed to keep a proper lookout and give a proper warning, that he was driving at an excessive speed and failed to keep the vehicle under control. Appellee also pleaded discovered peril, and upon the trial abandoned all the grounds of negligence except that of discovered peril. Appellant defended upon allegations, as stated in its brief, that: "Just before and at the time of the accident the yellow lights were flashing, indicating danger, and giving the ambulance the right of way, as it was on an emergency call taking people in a dying condition to the hospital, and that the plaintiff negligently started across in the middle of the block in the business district of the City of San Antonio when the yellow lights were flashing and ringing, showing danger, and when the gong on the ambulance was sounding, and when people were hallooing at him telling him to go back to the sidewalk, and that after plaintiff got out in the middle of the street he turned around and started back to the south side of said street and then turned around again and ran north into the side of the ambulance, which the skillful driver had turned to the driver's right and stopped with a slight jar against a truck that was parked on the street." Upon the

trial, and in response to jury findings upon the issue of discovered peril, and amount of damages, judgment was rendered in favor of appellee for $3,600. The ambulance company has appealed.

In its first proposition appellant complains of the refusal of the trial court, upon proper request, to place the burden of proof upon appellee on the issue of unavoidable accident. This proposition must be sustained upon the authority of Trans. Co. v. Hash (Tex. Civ. App.) 43 S.W.(2d) 152, and authorities there cited.

The case of discovered peril was submitted to the jury through the following special issues:

"1. Was the plaintiff, Butler Kenty, in a position of imminent peril just prior to the occurrence of the accident in which he was injured?

"2. Did the employees of the defendant, in the ambulance, discover the perilous position of the plaintiff, Butler Kenty, before he collided with the ambulance?

"3. Did the employees of the defendant operating the ambulance, fail to exercise ordinary care, in the use of the means at their command, to avert the accident and injuries sustained by the plaintiff, Butler Kenty, after discovering the perilous position of said plaintiff?

"4. Did such failure directly cause the accident and injuries therein sustained by the plaintiff, Butler Kenty?"

The jury answered each issue in the affirmative.

Appellant objected to that submission of these issues upon the grounds that (1) discovered peril was not properly pleaded; (2) that that issue was not supported by the evidence; (3) that its submission in the form given omitted the elements of time, the discovery by the driver of the peril of appellee's position, and the realization of his danger, in time to avoid the accident by the use of the means at hand, and with due regard to the safety of the occupants of the ambulance.

To entitle appellee to recover in this case under the doctrine of discovered peril it was incumbent upon him, as it is in all cases under that doctrine, to prove and elicit jury findings, whether singly or collectively (1) that appellant's driver actually discovered appellee's position of danger and realized, or at least should have realized, that the latter could not or might not extricate himself from the dangerous situation; (2) that the driver made such discovery in time to avoid the collision by use of all the means at his command, with due regard to the safety of himself and others occupying the ambulance; and (3) that he negligently failed to use such means; and (4) that such failure was the proximate cause of the injuries complained of.

A proper submission of the issue of discovered peril includes all the elements mentioned, and a failure to include the element of time (Ry. v. Eyer, 96 Tex. 72, 70 S. W. 529; Traction Co. v. Weed [Tex. Com. App.] 300 S. W. 41; Baker v. Shafter [Tex. Com. App.] 231 S. W. 349), or the realization of appellee's perilous situation (Ry. v. McMillan, 100 Tex. 562, 102 S. W. 103), or the relative safety of appellee upon the one hand, and the driver and his passengers upon the other (Baker v. Shafter, supra), constitutes reversible error.

It will be observed that none of these elements was submitted in the court's charge, and appellant objected thereto on grounds specifically referred to in the preceding paragraph hereof. According to the authorities cited, the omission of those elements from the submission to the jury of the issue of discovered peril, in the face of objections upon that ground, was reversible error. The evidence in this case emphasized that error. The ambulance, a privileged vehicle carrying seriously injured accident victims to a hospital, was moving rapidly down a street cleared of all moving traffic, with lights flashing and signals sounding from both the ambulance and traffic signal stations at street intersections. In this situation appellee, heedless of all those warnings, stepped out in the street and continued his course across until a stranger on the sidewalk hallooed to him to "run," when he stopped in his tracks, hesitated, turned about as if to retrace his steps, 'halted again, and then, resuming his original course, stepped into the path of the moving ambulance, according to some witnesses, or ran into the side of it, according to other witnesses. The driver of the vehicle saw appellee start across the street and applied the brakes, but released them when appellee stopped and turned back in the middle of the street, and, according to the driver's testimony, it was impossible to again apply the brakes or use any other means at hand to avert the accident, after appellee resumed his course toward the path of the moving ambulance, or after it became apparent that appellee was moving into the line of danger. No jury under these facts could determine the question of the negligence of the driver without taking into consideration the time he discovered appellee's position and realized its perils to appellee, his ability to avert the accident by the use, after such discovery, of ordinary care with the means at his hands, while at the same time protecting the lives and limbs of himself and the other occupants of the ambulance whose safety was dependent wholly upon his care and skill in that situation.

Appellant insists that appellee's plea of discovered peril was not sufficient. We think

the pleading was subject to the objections urged in appellant's brief, but it was not subject to the exceptions presented in appellant's answer, which did not point out the specific defects now complained of. The trial court did not err in overruling the exceptions contained in appellant's answer.

Other propositions are presented in appellant's brief, and some of them, particularly with reference to argument to the jury, are probably well taken. But in view of another trial it is not deemed necessary to decide the points raised on those propositions.

Because of the errors herein pointed out, the judgment is reversed, and the cause remanded.